FILED
United States Court of Appeals
Tenth Circuit

August 14, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FEROSA BLUFF,

        Petitioner - Appellant,

   v.

STATE OF UTAH; JED OLSEN,
Commander,

        Respondents - Appellees.

No. 08-4063
(D. Utah)
(D.C. No. 2:06-CV-835-DAK)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

Proceeding *pro se*, Utah state prisoner Ferosa Bluff seeks a certificate of

appealability ("COA") so she can appeal the district court's denial of the habeas

corpus petition she filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing that no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA). In 1998,

Bluff was charged by information with murder, child abuse, and sexual abuse of a

child. The charges arose out of the death of Bluff's three-year-old daughter. *See*

*State v. Bluff*, 52 P.3d 1210, 1216 (Utah 2002). Bluff was convicted on all three

counts after a four-day jury trial. *Id*. at 1215. Her convictions were affirmed on

direct appeal. *Id.* at 1229. Her petition for writ of certiorari was denied by the United States Supreme Court on January 27, 2003. *See Bluff v. Utah*, 537 U.S. 1172 (2003).

Bluff initiated state post-conviction proceedings on January 13, 2004. The state petition was dismissed on August 19, 2004; Bluff's appeal was dismissed on October 28, 2004; and the Utah Supreme Court denied the petition for writ of certiorari on March 30, 2005. *See Bluff v. State*, 109 P.3d 804 (Utah 2005). The United States Supreme Court denied certiorari on October 3, 2005. Bluff's first federal habeas petition, filed on July 18, 2003, was dismissed on March 5, 2004, for failure to exhaust state remedies. Her second federal petition, the matter currently before this court, was filed on October 2, 2006. In the petition, Bluff asserted due process and ineffective assistance of counsel claims.

Respondents filed a motion requesting dismissal of Bluff's § 2254 petition as untimely. *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2). Respondents argued Bluff's § 2254 petition was filed more than eleven months after the expiration of the one-year limitations period established by 28 U.S.C. § 2244(d)(1). Bluff opposed Respondents' motion, arguing she was entitled to equitable tolling of the limitations period.

The district court considered Bluff's arguments but granted Respondents' motion, concluding the one-year limitations period ran from January 27, 2003, until January 13, 2004, when Bluff filed her state post-conviction application. It

was tolled until March 30, 2005, when the Utah Supreme Court denied Bluff's petition for certiorari review. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007) (holding one-year statute of limitations is not tolled during pendency of petition for certiorari to the United States Supreme Court after denial of state post-conviction relief); *Duncan v. Walker*, 533 U.S. 167, 181-82 (holding a federal habeas petition does not toll the limitations period). Bluff's § 2254 petition was not filed until October 2, 2006, more than eighteen months late. The court further concluded Bluff was not entitled to equitable tolling because she had not demonstrated that her failure to file a timely petition was caused by extraordinary circumstances beyond her control or that she diligently pursued her claims. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In her application for a COA and accompanying brief, Bluff does not argue that her § 2254 petition was filed within the one-year limitations period. Instead, she challenges the bases on which the district court denied her request for equitable tolling. We review for abuse of discretion a district court's decision whether or not to equitably toll the one-year limitations period. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). The record before this court establishes that Bluff has not met her burden of demonstrating actual innocence or that she acted in a diligent fashion to preserve her right to file a federal habeas petition. Thus, it is clear the district court did not abuse its discretion when it refused to

-3-

equitably toll the one-year limitations period.

To be entitled to a COA, Bluff must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Bluff's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, this court **denies** Bluff's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
