FILED
United States Court of Appeals
Tenth Circuit

April 26, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN J. MERRITT,

      Petitioner - Appellant,

v.

JANE STANDIFIRD,

      Respondent - Appellee.

No. 09-6300
(D.C. No. 09-CV-01110-HE)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Kevin J. Merritt, a state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. On appeal, Mr. Merritt argues the merits of his habeas petition. Because Mr. Merritt has failed to demonstrate that it is reasonably debatable whether the district court's procedural ruling dismissing his petition as untimely is correct, Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

The district court adopted the magistrate judge's findings and recommended disposition that Mr. Merritt's petition was untimely under 28 U.S.C. § 2244(d)(1)(A). R. 32-41; 58-59. The district court also independently

determined that equitable tolling did not apply. R. 58-59. A COA is a jurisdictional prerequisite to our review, <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003), and we may issue one "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Merritt had one year from the date on which direct review of his conviction in state court ended to file his petition. He did not seek direct review of his sentence, and the period in which he could have sought such review ended on February 27, 2005 (ten days after the entry of his guilty plea by the state court on February 17, 2005). <u>See</u> Okla. Stat. tit. 22 § 1051; Okla. Crim. App. R. 4.2 (indicating that, when a defendant pleads guilty in Oklahoma state court and does not attempt to withdraw the plea, the sentence becomes final after the expiration of the ten-day period in which a defendant can seek to withdraw a plea under Oklahoma law). Absent tolling, the one-year limitations period therefore began on February 28, 2005, and expired on February 28, 2006. Mr. Merritt's May 14, 2008, state application for post-conviction relief, filed long after the one-year limitations period had expired, did not toll the limitations period. <u>See</u> <u>Clark v. Oklahoma</u>, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). He did not file his federal habeas petition until October 8, 2009. R. 4-31.

We see no basis for tolling that could render this petition timely. As noted

above, Mr. Merritt did not file his state application until after the limitations period had expired, so statutory tolling is inapplicable. For equitable tolling to apply, Mr. Merritt must show (1) extraordinary circumstances beyond his control, and (2) diligence in pursuing his claims. Lawrence v. Florida, 549 U.S. 327, 336 (2007). Mr. Merritt argues that he is entitled to equitable tolling for his over three-year delay in filing because he did not have the legal knowledge to file his petition until October 2009 and he had been "exercising due diligence by absorbing as much legal knowledge as possible." R. 49-53. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation and quotation marks omitted). Because there is no basis for statutory or equitable tolling, the conclusion that Mr. Merritt's petition is time-barred is not reasonably debatable.

We DENY IFP status, DENY the motion for a COA, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge