FILED
United States Court of Appeals
Tenth Circuit

May 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAURECE KAVEL,

      Petitioner - Appellant,

v.

GEORGE TAPIA; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

      Respondents - Appellees.

No. 07-2275
(D.C. No. 07-CV-508-MV-LFG)
(D.N.M.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner Maurece Kavel, appearing pro se, seeks to appeal from the

district court's denial of his habeas petition under 28 U.S.C. § 2254. The district

court adopted the magistrate judge's findings and recommended disposition that

his petition was untimely and also independently determined that equitable tolling

did not apply. On appeal, Mr. Kavel argues the merits of his habeas petition.

Mr. Kavel was convicted on December 23, 2003 after pleading no contest

to four counts of forgery in state court. Sentencing was deferred for five years,

and Mr. Kavel was placed on probation. On June 13, 2005, Mr. Kavel's probation

was revoked after the state court ruled that he violated the terms of his release.

He was ordered to serve three years on each count, to run consecutively, resulting in twelve years with six years suspended. Mr. Kavel did not appeal.

Instead, he filed a petition for a writ of habeas corpus in state court on July 27, 2006 which was denied on October 4, 2006. He sought a writ of certiorari from the New Mexico Supreme Court which was denied on January 5, 2007. He filed this petition for a writ of habeas corpus on May 22, 2007. Mr. Kavel was released on parole on July 8, 2007.[1]

We may not address the merits of Mr. Kavel's appeal unless we grant a certificate of appealability (COA) first. See 28 U.S.C. § 2253(c). Mr. Kavel must make "a substantial showing of the denial of a constitutional right" and show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The district court here dismissed the petition on procedural grounds and therefore Mr. Kavel must show that the district court's procedural ruling is debatable by reasonable jurists and that his petition likewise contains a debatable claim of the denial of a constitutional right. Id. Because we determine that the district court's procedural ruling on the time bar is not reasonably debatable, we deny a COA and dismiss the appeal.

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Kavel had one year from the date at

---

[1] We agree with the magistrate judge that because he remains on parole, Mr. Kavel's petition is not moot. See N.M. Stat. § 31-21-10(D) (parolee remains in custody of institution from which he is released on parole).

which direct review of his conviction in state court ended to file his petition. He did not seek direct review of his sentence and the period in which he could have sought such review ended on July 13, 2005 (thirty days after the entry of final judgment by the state court on June 13, 2005). See N.M. Stat. § 39-3-3(A)(1). Mr. Kavel then filed a Motion for Modification of Sentence on August 18, 2005 which was denied on November 10, 2005, tolling the limitations period for 84 days. 28 U.S.C. § 2244(d)(2). In addition, he filed a petition for a writ of habeas corpus in state court on July 27, 2006, which was rejected, and the New Mexico Supreme Court denied a writ of certiorari on January 5, 2007. This was a period of 162 days. Added to this is an additional 15 days in which Mr. Kavel could have filed a Motion for Rehearing on Denial of Certiorari under N.M. R. Ann. Rule 12-404(A). The total amount of days tolled because Mr. Kavel was pursuing state post-conviction relief was therefore 261 days. Mr. Kavel should have filed his petition within 261 days after July 13, 2006, on or before April 2, 2007 (a Monday). He filed his petition in federal court on May 22, 2007, however, and thus his petition is untimely.

In objecting to the magistrate's findings and recommended disposition, Mr. Kavel argued for equitable tolling because he had been supplied with the wrong address for the federal district court. Equitable tolling requires extraordinary circumstances beyond the petitioner's control and diligence in pursuing the claims. Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007). The district court

correctly determined that Mr. Kavel was not sufficiently diligent in pursuing the correct address because he was aware of the address problem in January 2007. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

We DENY COA and DISMISS the appeal.


Entered for the Court,


Paul J. Kelly, Jr.
Circuit Judge