**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAURECE KAVEL,

          Petitioner - Appellant,

v.

ANTHONY ROMERO, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

          Respondents - Appellees.

No. 10-2087
(D.C. No. 1:09-CV-00958-WJ-RLP)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

In 2003, Maurece Kavel was convicted in New Mexico state court of four counts of forgery. Having been twice released on probation, and having twice violated his probation, he is currently serving what remains of a twelve-year imprisonment term. He now seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. We deny his application.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

\* \* \*

In 2003, Mr. Kavel pled no contest to four counts of forgery in violation of N.M. Stat. § 30-16-10(A) (2003). The state district court found him guilty, imposed a five-year deferred sentence, and placed Mr. Kavel on probation. In 2005, the court found that Mr. Kavel violated the terms of his probation and ordered him to serve a total of twelve years in prison, six years of which were suspended. In 2007, he was released on five years of probation to run concurrently with two years of mandatory parole. In 2008, however, Mr. Kavel again violated the terms of his probation and the court ordered him to serve the remainder of his twelve-year sentence. After seeking — and failing — to obtain state habeas relief, Mr. Kavel filed the present § 2254 petition. The district court dismissed Mr. Kavel's petition and denied his application for a COA. Mr. Kavel renews before us his request for a COA.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on our independent review of the record, and affording solicitous consideration to Mr. Kavel's *pro se* filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we do not think reasonable jurists could debate the correctness of the district court's disposition of Mr. Kavel's petition.

Mr. Kavel made three claims in his § 2254 petition: (1) that the state miscalculated his good time credits; (2) that, since his conviction, the New Mexico Legislature has reduced forgery from a third degree felony to a fourth degree felony, warranting a reduction of his sentence; and (3) that he was incompetent to enter into the original plea agreement in 2003. Mr. Kavel also filed a "Motion to Supplement Habeas Corpus," summarizing additional case law in support of his second claim; we will treat it as part of his application for a COA.

Mr. Kavel's first and second claims both raise issues of state law that are not cognizable on federal habeas review. The New Mexico state court previously rejected Mr. Kavel's theory that the state miscalculated the good time credits he was due when it ordered him to serve the remainder of his twelve-year sentence. Likewise, the state court rejected Mr. Kavel's theory that his 2008 sentence should have been reduced to reflect the New Mexico legislature's decision to decrease forgery resulting in less than $2,500 in damage from a class three to a

class four felony. Whether or not Mr. Kavel is correct is not for us to say; these are questions of state law that we cannot remedy through federal habeas. *See Johnson v. Mullin*, 505 F.3d 1128, 1141 (10th Cir. 2007) ("'[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions.'" (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991))).

Finally, the district court properly denied Mr. Kavel's third claim as barred because it is second or successive. Mr. Kavel asserts that he was mentally incompetent to enter into the original plea agreement in 2003. However, Mr. Kavel previously raised this same issue in a prior § 2254 petition, which the district court dismissed, and for which we denied a COA. *Kavel v. Tapia*, No. 07-2275 (10th Cir. May 7, 2008) (unpublished). Pursuant to 28 U.S.C. § 2244(b)(1) "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

We deny Mr. Kavel's request for a COA, as well as his Motion for Appointment of Counsel, and dismiss his appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 4 -