**Maurece KAVEL, Petitioner–Appellant,**

v.

**Lupe MARSHALL, Warden, Respondent–Appellee.**

**No. 10–2248.**

United States Court of Appeals, Tenth Circuit.

March 15, 2011.

Maurece Kavel, Grants, NM, pro se.

Before HARTZ, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and GORSUCH, Circuit Judge.

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

HARRIS L. HARTZ, Circuit Judge.

Maurece Kavel, a New Mexico prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus application for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss the appeal.

---

In 2003, Mr. Kavel pleaded no contest to, and was convicted of, four counts of forgery in violation of N.M. Stat. § 30–16–10(A). *See Kavel v. Romero,* 387 Fed. Appx. 846, 847 (10th Cir.2010). After twice violating probation, he was ordered to serve the remainder of his 12–year sentence. *See id.* He twice unsuccessfully sought federal habeas corpus relief. We denied a COA in both appeals. *See id.; Kavel v. Tapia,* 276 Fed.Appx. 853, 854 (10th Cir.2008). When Mr. Kavel sought federal habeas corpus relief for a third time, the district court deemed the application to be second or successive, dismissed it for lack of jurisdiction, and denied a COA. R. at 78–79. This request for a COA followed.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller–El v. Cockrell,* 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). We will issue a COA "only if [Mr. Kavel] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his habeas application on procedural grounds, we will grant a COA only if the district court's procedural ruling is reasonably debatable. *See Slack ' v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

We conclude it is not debatable. In his request for a COA, Mr. Kavel challenges as unconstitutional the New Mexico forgery statute in effect at the time of his conviction. He does not provide a basis for granting a COA. Rather, as the district court found, Mr. Kavel attacks the same state-court conviction he had attacked in two prior applications. Because those applications were adjudicated on their merits, the third application was second or successive, and Mr. Kavel was required to obtain this court's authorization to file the third application. *See* 28 U.S.C. § 2244(b)(3)(A). But he did not do so.

"A district court does not have jurisdiction to address the merits of a second or successive ... § 2254 claim until this court has granted the required authorization." *In re Cline,* 531 F.3d 1249, 1251 (10th Cir.2008) (per curiam). When presented with the unauthorized second or successive application, the district court correctly ruled that it lacked jurisdiction. No reasonable jurist would disagree with that decision. Having determined that it lacked jurisdiction, the district court could transfer the application to this court in the interest of justice or dismiss it for lack of jurisdiction. *See id.* at 1252. The district court's decision to dismiss was sound.

Accordingly, we DENY the application for a COA and DISMISS this appeal.