Justice Thomas
delivered the opinion of the Court.
Congress established a 1-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, 28 U. S. C. § 2244(d), and further provided that the limitations period is tolled while an “application for State post-conviction or other collateral review” “is pending,” § 2244(d)(2). We must decide whether a state application is still “pending” when the state courts have entered a final judgment on the matter but a petition for certiorari has been filed in this Court. We hold that it is not.
I
Petitioner Gary Lawrence and his wife used a pipe and baseball bat to kill Michael Finken. A Florida jury eon *330 victed Lawrence of first-degree murder, conspiracy to commit murder, auto theft, and petty theft. The trial court sentenced Lawrence to death. The Florida Supreme Court affirmed Lawrence’s conviction and sentence on appeal, and this Court denied certiorari on January 20, 1998. 522 U. S. 1080.
On January 19,1999,364 days later, Lawrence filed an application for state postconviction relief in a Florida trial court.[1] The court denied relief, and the Florida Supreme Court affirmed, issuing its mandate on November 18, 2002. See Lawrence v. State, 831 So. 2d 121 (per curiam). Lawrence sought review of the denial of state postconviction relief in this Court. We denied certiorari on March 24, 2003. 538 U. S. 926.
While Lawrence’s petition for certiorari was pending, he filed the present federal habeas application. The Federal District Court dismissed it as untimely under §2244(d)’s 1-year limitations period. All but one day of the limitations period had lapsed during the 364 days between the time Lawrence’s conviction became final and when he filed for state postconviction relief. The limitations period was then tolled while the Florida courts entertained his state application. After the Florida Supreme Court issued its mandate, Lawrence waited another 113 days — well beyond the 1 day that remained in the limitations period — to file his federal habeas application. As a consequence, his federal application could be considered timely only if the limitations period *331 continued to be tolled during this Court’s consideration of his petition for certiorari. Then-applicable Eleventh Circuit precedent foreclosed any argument that §2244’s statute of limitations was tolled by the pendency of a petition for certiorari seeking review of a state postconvietion proceeding. See Coates v. Byrd, 211 F. 3d 1225,1227 (2000) (per curiam). Accordingly, the District Court concluded that Lawrence had only one day to file a federal habeas application after the Florida Supreme Court issued its mandate. The Eleventh Circuit affirmed. 421 F. 3d 1221 (2005). We granted certiorari, 547 U. S. 1039 (2006), and now affirm.
II
The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a 1-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U. S. C. § 2244(d)(1). This limitations period is tolled while a state prisoner seeks postconvietion relief in state court:
“The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.” § 2244(d)(2).
Based on this provision, the parties agree that AEDPA’s limitations period was tolled from the filing of Lawrence’s petition for state postconvietion relief until the Florida Supreme Court issued its mandate affirming the denial of that petition. At issue here is whether the limitations period was also tolled during the pendency of Lawrence’s petition for certiorari to this Court seeking review of the denial of state postconvietion relief. If it was tolled, Lawrence’s federal habeas application was timely. So we must decide whether, according to § 2244(d)(2), an “application for State post- *332 conviction or other collateral review” “is pending” while this Court considers a certiorari petition.[2]
Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. As we stated in Carey v. Saffold, 536 U. S. 214, 220 (2002) (internal quotation marks omitted), a state postconviction application “remains pending” “until the application has achieved final resolution through the State’s postconviction procedures.” This Court is not a part of a “State’s post-conviction procedures.” State review ends when the state courts have finally resolved an application for state postconviction relief. After the State’s highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. The application for state postconviction review is therefore not “pending” after the state court’s postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.
If an application for state postconviction review were “pending” during the pendency of a certiorari petition in this Court, it is difficult to understand how a state prisoner could exhaust state postconviction remedies without filing a petition for certiorari. Indeed, AEDPA’s exhaustion provision and tolling provision work together:
“The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period. .. .
*333 Section 2244(d)(l)’s limitation period and § 2244(d)(2)’s tolling provision, together with § 2254(b)’s exhaustion requirement, encourage litigants first to exhaust all state remedies and then to file their federal habeas petitions as soon as possible” Duncan v. Walker, 533 U. S. 167,179, 181 (2001) (final emphasis added).
Yet we have said that state prisoners need not petition for certiorari to exhaust state remedies. Fay v. Noia, 372 U. S. 391, 435-438 (1963); County Court of Ulster Cty. v. Allen, 442 U. S. 140, 149-150, n. 7 (1979). State remedies are exhausted at the end of state-court review. Fay, supra, at 435-438; Allen, supra, at 149-150, n. 7.
Lawrence argues that § 2244(d)(2) should be construed to have the same meaning as § 2244(d)(1)(A), the trigger provision that determines when AEDPA’s statute of limitations begins to run. But § 2244(d)(1)(A) uses much different language from § 2244(d)(2), referring to “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” § 2244(d)(1)(A) (emphasis added). When interpreting similar language in § 2255, we explained that “direct review” has long included review by this Court. Clay v. United States, 537 U. S. 522, 527-528 (2003). Indeed, we noted that “[t]he Courts of Appeals have uniformly interpreted ‘direct review’ in § 2244(d)(1)(A) to encompass review of a state conviction by this Court.” Id., at 528, n. 3 (collecting cases). By contrast, § 2244(d)(2) refers exclusively to “State post-conviction or other collateral review,” language not easily interpreted to include participation by a federal court.
Furthermore, § 2244(d)(1)(A) refers to the “time for seeking” direct review, which includes review by this Court under Clay. By parity of reasoning, the “time for seeking” review of a state postconviction judgment arguably would include the period for filing a certiorari petition before this Court. However, § 2244(d)(2) makes no reference to the *334 “time for seeking” review of a state posteonviction court’s judgment. Instead, it seeks to know when an application for “State . . . review” is pending. The linguistic difference is not insignificant: When the state courts have issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari.
A more analogous statutory provision is § 2263(b)(2), which is part of AEDPA’s “opt-in” provisions for States that comply with specific requirements relating to the provision of post-conviction counsel. Under §2263, the limitations period is tolled “from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition.” §2263(b)(2). Lawrence concedes that under this language there would be no tolling for certiorari petitions seeking review of state postconviction applications. And although he correctly notes that the language in § 2263 differs from the language of § 2244(d)(2), it is clear that the language used in both sections provides that tolling hinges on the pendency of state review. See § 2263(b)(2) (“until the final State court disposition of such petition”); § 2244(d)(2) (“a properly filed application for State post-conviction or other collateral review ... is pending”). Given Congress’ clear intent in § 2263 to provide tolling for certiorari petitions on direct review but not for certiorari petitions following state postconviction review, it is not surprising that Congress would make the same distinction in § 2244.
Lawrence also argues that our interpretation would result in awkward situations in which state prisoners have to file federal habeas applications while they have certiorari petitions from state postconviction proceedings pending before this Court. But these situations will also arise under the express terms of § 2263, and Lawrence admits that Congress intended that provision to preclude tolling for certiorari petitions. Brief for Petitioner 22. Because Congress was not *335 concerned by this potential for awkwardness in § 2263, there is no reason for us to construe the statute to avoid it in § 2244(d)(2).
Contrary to Lawrence’s suggestion, our interpretation of § 2244(d)(2) results in few practical problems. As Justice Stevens has noted, “this Court rarely grants review at this stage of the litigation even when the application for state collateral relief is supported by arguably meritorious federal constitutional claims,” choosing instead to wait for “federal habeas proceedings.” Kyles v. Whitley, 498 U. S. 931, 932 (1990) (opinion concurring in denial of stay of execution). Thus, the likelihood that the District Court will duplicate work or analysis that might be done by this Court if we granted certiorari to review the state postconviction proceeding is quite small. And in any event, a district court concerned about duplicative work can stay the habeas application until this Court resolves the case or, more likely, denies the petition for certiorari.
Lawrence argues that even greater anomalies result from our interpretation when the state court grants relief to a prisoner and the state petitions for certiorari. In that hypothetical, Lawrence maintains that the prisoner would arguably lack standing to file a federal habeas application immediately after the state court’s judgment (because the state court granted him relief) but would later be time barred from filing a federal habeas application if we granted certiorari and the State prevailed. Again, this particular procedural posture is extremely rare. Even so, equitable tolling may be available, in light of the arguably extraordinary circumstances and the prisoner’s diligence. See Pace v. DiGuglielmo, 544 U. S. 408, 418, and n. 8 (2Q05).[3] We cannot base our interpretation of the statute on an exceedingly rare inequity that Congress almost certainly was not contemplating and that may well be cured by equitable tolling.
*336 In contrast to the hypothetical problems identified by Lawrence, allowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic. By filing a petition for certiorari, the prisoner would push back § 2244’s deadline while we resolved the petition for certiorari. This tolling rule would provide an incentive for prisoners to file certiorari petitions — regardless of the merit of the claims asserted — so that they receive additional time to file their habeas applications.
III
Lawrence also argues that equitable tolling applies to his otherwise untimely claims. We have not decided whether § 2244(d) allows for equitable tolling. See ibid. Because the parties agree that equitable tolling is available, we assume without deciding that it is. To be entitled to equitable tolling, Lawrence must show “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way” and prevented timely filing. Id., at 418.
Lawrence makes several arguments in support of his contention that equitable tolling applies to his case. First, he argues that legal confusion about whether AEDPA’s limitations period is tolled by certiorari petitions justifies equitable tolling. But at the time the limitations period expired in Lawrence’s case, the Eleventh Circuit and every other Circuit to address the issue agreed that the limitations period was not tolled by certiorari petitions. See, e. g., Coates, 211 F. 3d, at 1227. The settled state of the law at the relevant time belies any claim to legal confusion.
Second, Lawrence argues that his counsel’s mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the *337 postconviction context where prisoners have no constitutional right to counsel. E.g., Coleman v. Thompson, 501 U. S. 722, 756-757 (1991).
Third, Lawrence argues that his case presents special circumstances because the state courts appointed and supervised his counsel. But a State’s effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner’s delay. Lawrence has not alleged that the State prevented him from hiring his own attorney or from representing himself. It would be perverse indeed if providing prisoners with posteonviction counsel deprived States of the benefit of the AEDPA statute of limitations. See, e. g., Duncan, 533 U. S., at 179 (“The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments”).
Fourth, Lawrence argues that his mental incapacity justifies his reliance upon counsel and entitles him to equitable tolling. Even assuming this argument could be legally credited, Lawrence has made no factual showing of mental incapacity. In sum, Lawrence has fallen far short of showing “extraordinary circumstances” necessary to support equitable tolling.
IV
The Court of Appeals correctly determined that the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2). It also correctly declined to equitably toll the limitations period in the factual circumstances of Lawrence’s case. For these reasons, the judgment of the Court of Appeals is affirmed.

It is so ordered.

 Lawrence contends that delays in Florida’s program for appointing postconviction counsel and other issues outside of his control caused 298 days to pass before Florida appointed an attorney who took an active role in his postconviction case. These facts have little relevance to our analysis. Lawrence did not seek certiorari on the question whether these facts entitle him to equitable tolling. Indeed, Lawrence was able to file his state postconviction petition on time in spite of these delays. And before this Court, he argues that his attorney mistakenly missed the federal habeas deadline, not that he lacked adequate time to file a federal habeas application.

 We have previously held that the word “State” modifies both the terms “post-conviction” and “other collateral review.” Duncan v. Walker, 533 U. S. 167,172-174 (2001). The question, therefore, is whether “an application for State post-conviction or other [State] collateral review... is pending.” § 2244(d)(2) (emphasis added).

 As discussed below, we assume, as the parties do, the availability of equitable tolling under § 2244.