Per Curiam.
We granted certiorari in this case, 549 U. S. 1092 (2006), to decide whether the Court of Appeals had exceeded its authority under 28 U. S. C. § 2254(d)(1) by setting aside a capital sentence on the ground that the prosecutor’s closing statement was “unfairly inflammatory.” Weaver v. Bowersox, 438 F. 3d 832, 841 (CA8 2006). Our primary concern was whether the Court of Appeals’ application of the more stringent standard of review mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, was consistent with our interpretation of that statute. Cf. Carey v. Musladin, 549 U. S. 70 (2006). We are now aware of circumstances that persuade us that dismissal of the writ is the appropriate manner in which to dispose of this case.
The argument made by the prosecutor in this case was essentially the same as the argument that he made in two other cases — one of which involved respondent’s codefendant. See Shurn v. Delo, 177 F. 3d 662, 666 (CA8 1999); Newlon v. Armontrout, 693 F. Supp. 799 (WD Mo. 1988), aff’d, 885 F. 2d 1328 (CA8 1989). In each of those cases, the defendant received a death sentence. Also in each case, the defendant filed a petition seeking federal habeas relief before AEDPA’s effective date. Federal habeas relief was granted in all three cases. The State does not question the propriety of *600 relief in the other two cases because it was clear at the time, as it is now, that AEDPA did not apply to either of them.
Respondent argues, for the following reasons, that AEDPA should not govern his case either. Like the defendants in Newlon and Shurn, respondent filed his federal habeas petition before the effective date of AEDPA. Instead of considering respondent’s claims, however, the District Court sua sponte stayed the habeas proceedings, noting that respondent had indicated his intention to file a petition for writ of certiorari seeking this Court’s review of the state courts’ denial of postconviction relief. Though the District Court recognized that respondent was not required to seek certiorari from this Court, it concluded that, if “a state prisoner chooses to pursue writ of certiorari, he must first exhaust that remedy before filing a federal habeas corpus petition.” App. to Brief for National Association of Criminal Defense Lawyers as Amicus Curiae 15. Thus, the District Court put respondent to a choice: He could forgo filing a petition for certiorari, or his habeas petition would be dismissed.
Respondent moved for reconsideration and for the appointment of counsel. The District Court denied both motions, reiterating its view that if respondent sought certiorari, his federal habeas petition would be premature. When respondent notified the District Court that a petition for certiorari had been filed, the court made good on its promise: It dismissed respondent’s habeas petition “without prejudice” to his refiling “following exhaustion of his state proceedings.” Id., at 13. Though respondent had filed his habeas petition before AEDPA took effect, the District Court dismissed his petition after the statute was in force.
Still without an attorney, respondent requested a certificate of appealability from the District Court. The court denied the request, opining that reasonable jurists could not disagree with the dismissal of respondent’s petition. Id., at 5-6. Respondent also filed a notice of appeal, which the *601 Court of Appeals construed as a request for a certificate of appealability and rejected.*
Respondent refiled his habeas petition after this Court denied review of his state postconviction proceedings. The Eighth Circuit eventually concluded that, because respondent’s petition was filed after AEDPA’s effective date, his claims must be evaluated under that statute’s strict standard of review. See Weaver v. Bowersox, 241 F. 3d 1024, 1029 (2001).
Our recent decision in Lawrence v. Florida, 549 U. S. 327 (2007), conclusively establishes that the District Court was wrong to conclude that, if respondent chose to seek certiorari, he had to exhaust that remedy before filing a federal habeas petition. Lawrence clarified that “[s]tate review ends when the state courts have finally resolved an application for state postconviction relief” — even if a prisoner files a certiorari petition. Id., at 332; see also id., at 332-333 (“[W]e have said that state prisoners need not petition for certiorari to exhaust state remedies” (citing Fay v. Noia, 372 U. S. 391, 435-438 (1963))). Thus, respondent’s habeas petition, which was fully exhausted when filed, did not become unexhausted upon his decision to seek certiorari. Because the petition was not premature, the District Court had no cause to dismiss it.
Whether this unusual procedural history leads to the conclusion, as respondent eolorably contends, that the AEDPA standard is simply inapplicable to this case, is a question we find unnecessary to resolve. Regardless of the answer to that question, we find it appropriate to exercise our discretion to prevent these three virtually identically situated litigants from being treated in a needlessly disparate manner, *602 simply because the District Court erroneously dismissed respondent’s pre-AEDPA petition.
Accordingly, the writ of certiorari is dismissed as improvidently granted.

It is so ordered.

 Respondent did not seek rehearing or rehearing en banc in the Court of Appeals, nor did he file a petition for writ of certiorari from the denial of the certificate of appealability. Pursuit of either would almost certainly have been futile.