**Lisa BROWN, Appellant**

v.

**AMERICAN POSTAL WORKERS UNION, Appellee.**

**No. 09–7148.**

United States Court of Appeals, District of Columbia Circuit.

April 16, 2010.

Lisa Brown, Oxon Hill, MD, pro se.

Jennifer E. Ku, O'Donnell, Schwartz & Anderson, PC, Washington, DC, for Appellee.

BEFORE: SENTELLE, Chief Judge, and GINSBURG and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order issued October 19, 2009, be affirmed. The district court properly dismissed the appellant's negligence action as time-barred pursuant to D.C.Code § 12–301(8). The appellant claims for the first time on appeal that the limitations period should be equitably tolled due to her alleged mental incapacity, the supposed existence of a continuing tort, and the poor legal advice she received from counsel. Because she failed to make these arguments before the district court, this court need not consider them. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084 (D.C.Cir.1984) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal."). Even if these issues were properly before the court, the appellant has not demonstrated her entitlement to equitable tolling. *See Lawrence v. Florida,* 549 U.S. 327, 336–37, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling [of a limitations period]."); *Chalabi v. Hashemite Kingdom of Jordan,* 543 F.3d 725, 729 (D.C.Cir.2008) (holding that the continuing tort doctrine requires at least one injurious act to be within the limitation period); *Smith–Haynie v. District of Columbia,* 155 F.3d 575, 580 (D.C.Cir.1998) (holding that a person must be "incapable of handling her own affairs or unable to function in society" in order to qualify for equitable tolling due to mental incapacity).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.