**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7682**

KHOSROW PARMAEI,

　　　　　Petitioner – Appellant,

　　v.

RICK JACKSON, Administrator,

　　　　　Respondent – Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:09-cv-00288-GCM)

Submitted:  April 27, 2010　　　　　Decided:  May 21, 2010

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Khosrow Parmaei, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khosrow Parmaei seeks to appeal the district court's order and judgment dismissing as untimely his 28 U.S.C. § 2254 (2006) petition for a writ of habeas corpus. Finding that the unique circumstances of this case warrant an application of equitable tolling, we grant a certificate of appealability, vacate the order and judgment of the district court, and remand for further proceedings.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for § 2254 petitions brought by state prisoners, see 28 U.S.C. § 2244(d) (2006). This limitations period is subject to equitable tolling where a prisoner has been prevented by extraordinary circumstances beyond his control or external to his own conduct from filing his petition on time, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), and has diligently pursued his rights, Lawrence v. Florida, 549 U.S. 327, 336 (2007).

Here, although Parmaei originally tendered his § 2254 petition to the district court clerk for filing six days before the AEDPA's statute of limitations expired, the clerk, believing, erroneously, that the petition was an unauthorized, successive petition, refused to place it on the docket. Instead, the clerk directed Parmaei to resubmit his petition

2

once he had obtained permission from this court to file a second or successive petition, see 28 U.S.C. § 2244(b)(3). However, by the time the clerk made this determination, the AEDPA's statute of limitations had expired. And although Parmaei diligently complied with the clerk's erroneous instruction to seek authorization from this court under § 2244 to file a successive petition and the district court's subsequent mistaken directive to exhaust his § 2254 claims in state court, such directives were unnecessary and ultimately, futile. Parmaei's original § 2254 petition was not successive and his claims had become fully exhausted on the last day of the one-year limitations period, when Parmaei's petition was pending, undocketed, before the district court clerk. Further, the directives were of no help to Parmaei, as the statute of limitations had already elapsed by the time the directives issued, rendering any subsequent petition he might file time-barred.

Under these circumstances, we conclude that equity should operate to allow Parmaei to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court. Because the application of equitable tolling of the limitations period is appropriate, we grant Parmaei a certificate of appealability, vacate the district court's judgment, and remand for further proceedings.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>
