# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2011

No. 10-20145
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE EDWARD DAVIS,

Plaintiff-Appellant

v.

JOHN POLLOCK, Investigator; FRED KINDELL; KENNY ELLIOT, Investigator; JIM MANN, Chief Investigator; CHRIS KIRK, Sheriff; FRANK MALINAK, Texas Ranger; BILL TURNER, District Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1911

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Willie Edward Davis, Texas prisoner # 1422283, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 complaint as time barred. Davis filed the complaint after the state court dismissed an indictment against him for evidence tampering. He argues that the district court's dismissal of his § 1983 complaint as time barred was erroneous because he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to tolling of the limitations period under the Texas theory of continuing violations.  Alternatively, he argues that he is entitled to equitable tolling.

This court reviews the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate if the records discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a) (2010).

Davis' § 1983 complaint alleged the defendants conspired to violate his substantive due process rights by intentionally withholding information and fabricating evidence to procure his indictment in Brazos County, Texas, for events that happened in Harris County, Texas.  Davis' substantive due process claims under the Fourteenth Amendment are based on alleged pretrial deprivations of his constitutional rights.  Such claims should be brought under the Fourth Amendment.  *Albright v. Oliver*, 510 U.S. 266 (1994).

Davis concedes that he does not have a viable claim of malicious prosecution and that his claims for false arrest/imprisonment are time barred. He alleges that the dismissal of the evidence tampering indictment constituted the last over act in the defendants' conspiracy to prevent him from discovering the violation of his rights.  He further alleges that the stated reason for the dismissal, his conviction of capital murder in Case No. 06-01284-CRF-85, was false or misleading.  As such, he argues that the limitations period should be tolled until the date of the dismissal of the indictment.  Davis' allegations regarding the motion to dismiss are speculative and belied by the fact that he is actually imprisoned as a result of the aforementioned conviction.

Davis is likewise not entitled to equitable tolling.  "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."  *Wallace*, 549 U.S. at 396.  A person seeking the benefit of equitable tolling "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

2

and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (assuming without deciding that the federal habeas limitations period may be equitably tolled). Davis has not made such a showing.

AFFIRMED.