[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 10-13784 & 10-13811
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 5, 2011
JOHN LEY
CLERK

Agency Docket No. 3-13733

MANUEL P. ASENSIO,

                                                            Petitioner,

versus

SECURITIES AND EXCHANGE COMMISSION,

                                                            Respondent.

_____

Petitions for Review of a Decision of the
Securities and Exchange Commission

_____

(December 5, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

     Manuel P. Asensio, proceeding pro se, appeals the Securities and Exchange

Commission's order dismissing his consolidated appeal of two decisions: (1) a

July 2006 sanction issued by the National Association of Securities Dealers, Inc.,

barring Asensio from associating with any member firm; and (2) an August 2008 decision by the Financial Industry Regulatory Authority, Inc., denying a FINRA member firm's application to associate with Asensio despite the bar. The SEC dismissed the consolidated appeal because Asensio filed for review too late and no extraordinary circumstances justified extending the filing deadline. Asensio concedes that he missed the filing deadline but argues that extraordinary circumstances exist for three reasons: he had "lately discovered evidence" showing that FINRA executives were biased against him; applying for review at the SEC would have been "futile;" and the scope of his bar expanded when NASD merged with the enforcement branch of the New York Stock Exchange.[1]

## I.

Asensio worked as a financial and operations principal for various brokerage firms from 1982–2003. All of the firms were members of what is now FINRA, a self-regulatory organization that was formed on July 26, 2007, when NASD merged with NYSE's enforcement branch.

NASD began investigating Asensio in 2003 to determine whether he had

---

[1]Asensio makes several other arguments based on procedural defects, due process, and the Appointments Clause of the United States Constitution. We do not address those arguments because they go to the merits of NASD's bar decision and FINRA's association decision, and the merits of those decisions are not before us.

published misleading research reports about PolyMedica Corporation, Inc. After a one-day hearing, a NASD Hearing Panel found: (1) Asensio failed to make required financial disclosures in the PolyMedica reports; (2) the reports made exaggerated, unwarranted, or misleading claims; and (3) Asensio purposely impeded NASD's investigation by refusing to provide information to investigators. As a sanction for this misconduct, the Hearing Panel barred Asensio from associating with NASD member firms.

Asensio appealed that sanction to NASD's National Adjudicatory Council, which affirmed the findings and the bar on July 28, 2006. A letter accompanying NAC's decision informed Asensio that he had thirty days to file an appeal with the SEC. Asensio timely filed an appeal but withdrew it a few days later.

On September 12, 2007, ISI Capital, LLC, a FINRA member firm, filed a Membership Continuance Application with FINRA seeking permission for Asensio to associate with it as a general securities representative. FINRA's NAC denied the application on August 12, 2008. A letter accompanying the decision advised ISI and Asensio that they had thirty days to file an appeal with the SEC. Neither ISI nor Asensio sought review within that time period.

In December 2009 and January 2010, Asensio wrote letters to the SEC challenging the propriety of the bar and the ISI decision. With Asensio's

3

approval, the SEC deemed these letters an application for review. The SEC dismissed the application on June 17, 2010, finding that Asensio did not timely file the appeal and that no extraordinary circumstances justified the delay. Asensio moved for reconsideration, which the SEC denied. This appeal followed.

## II.

The Securities and Exchange Act of 1934 provides that any person aggrieved by the disciplinary actions of a self-regulatory organization may seek review of that action by filing an application with the SEC "within thirty days" after receiving notice of the decision imposing sanctions "or within such longer period as such appropriate regulatory agency may determine." 15 U.S.C. § 78s(d)(2). The SEC will not extend that deadline "absent a showing of extraordinary circumstances," which "is the exclusive remedy for seeking an extension of the 30-day period." 17 C.F.R. § 201.420(b). We will reverse the SEC's application of this regulation only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Asensio concedes that he waited three years to file an application for review of NAC's decision affirming the bar and sixteen months to file an application for review of NAC's eligibility decision. He argues, however, that extraordinary circumstances exist because he discovered "well after the 30 day deadline for

appeal of FINRA's disciplinary sanction" that certain FINRA executives were biased against him. Asensio alleges that because he took actions to reveal stock fraud in the American Stock Exchange, which NASD owned between 1998 and 2004, its Chief Executive Officer "had substantial motive and opportunity to influence" the PolyMedica investigation.

We agree with the SEC that this unsubstantiated accusation of bias does not excuse Asensio's late appeal. Asensio has not established that the relationship between the American Stock Exchange and NASD was undiscoverable during the PolyMedica proceeding. Nor has he provided any evidence that this relationship in fact caused the CEO to be biased against him. And even if such bias existed, Asensio would still have to prove that the CEO influenced or participated in the NASD investigation, which he has not done. A cursory allegation that bias may have existed within NASD's hierarchy during the PolyMedica proceedings is not an extraordinary circumstance that justifies missing the filing deadline by three years.

Asensio also contends that extraordinary circumstances exist because appealing FINRA's denial of ISI's application would have been "futile" in light of the "considerable discretion" that the SEC gives to FINRA's membership decisions. But a deferential standard of review does not mean that filing an appeal

is futile.  Nor does it create extraordinary circumstances that excuse a late filing.

Asensio next asserts that extraordinary circumstances exist because the consolidation of NASD and NYSE in 2007 made his bar "more severe and more punitive" because FINRA has broader authority to regulate financial brokers than NASD.  Asensio waited too long to raise this argument.  FINRA was formed on July 26, 2007.  Asensio was before NAC two months later in September 2007 for the ISI Capital proceeding, yet he never argued that his bar was "more severe" because of the NASD–NYSE merger.  Indeed, the first time he raised this argument was more than two years after the merger when he wrote a letter to the SEC in December 2009.  If FINRA's formation was an extraordinary circumstance, and if Asensio was pursuing his rights diligently, he would have made this "increased punishment" argument as soon as FINRA was created instead of waiting two years to file for review at the SEC.  Cf. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks omitted)); In re Pennmont Sec., S.E.C. Release No. 61967, at 9, available at 2010 WL 1638720, at *4 (S.E.C. Apr. 23, 2010) ("Even when circumstances beyond the applicant's control give rise to the

delay . . . an applicant must also demonstrate that he or she promptly arranged for the filing of the appeal as soon as reasonably practicable thereafter.”).

**AFFIRMED.**