
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS FELIX, | No. 12-15649 |
| Petitioner - Appellant, | D.C. No. 3:09-CV-00483-LRH-WGC |
| v. | |
| RENEE BAKER and NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 6, 2014**
San Francisco, California

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Petitioner Nicolas Felix ("Felix") appeals the district court's dismissal of his

federal habeas petition as untimely.  We have jurisdiction pursuant to 28 U.S.C.

§ 2253, and we affirm.

---

       \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not err in concluding that Felix is not entitled to equitable tolling. We have held that a "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances" entitling that petitioner to equitable tolling. *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 1070. In January 2007, Felix mailed his state habeas petition in English. While he submitted some papers to the district court in Spanish, he was able to submit his pro se habeas petition, his application to proceed in forma pauperis and his motion for the appointment of counsel in English. This record suggests that Felix either has some proficiency in English or access to a translator and is, thus, barred from equitable relief. *See id.* at 1069.

Fleix's claim that he is entitled to equitable tolling because he relied on his attorney's miscalculation of the filing deadline is without merit. *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007); *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2009).

The district court did not err in finding statutory tolling inapplicable. AEDPA provides that the one-year statute of limitations does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Here, Felix was able to file his federal petition, albeit late. He has not provided a specific time-frame for when a state-created impediment to filing his petition was removed. Felix's ability to file a state habeas petition successfully while subject to the alleged impediment undermines his assertion that unconstitutional state action prevented him from timely filing a federal habeas petition.

**AFFIRMED.**

3