**UNITED STATES COURT OF APPEALS**

January 18, 2018

**TENTH CIRCUIT**

VICTOR DAVID BRACAMONTES-ELIZONDO,

        Petitioner - Appellant,

  v.

JASON BRYANT, Warden,

        Respondent - Appellee.

No. 17-6155
(D.C. No. 5:16-CV-01405-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MATHESON**, **KELLY**, and **MURPHY**, Circuit Judges.

This matter is before the court on Victor David Bracamontes-Elizondo's

pro se request for a certificate of appealability ("COA"). Bracamontes-Elizondo

seeks a COA so he can appeal the district court's dismissal, on timeliness

grounds, of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A)

(providing no appeal may be taken from "a final order in a habeas corpus

proceeding in which the detention complained of arises out of process issued by a

State court" without first obtaining a COA); *id.* § 2244(d)(1)(A) (setting out a

one-year statute of limitations on § 2254 petitions running from the date on which

the conviction became final). Because Bracamontes-Elizondo has not "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In a detailed Report and Recommendation, a magistrate judge concluded Bracamontes-Elizondo's Oklahoma state conviction for Aggravated Trafficking in Illegal Drugs became final on August 2, 2013. In so doing, the magistrate judge thoroughly explained why Bracamontes-Elizondo was in error in asserting his state court conviction became final at some later date under the provisions of 28 U.S.C. § 2244(d)(1)(A)-(C). The magistrate judge further recommended that the district court deny Bracamontes-Elizondo's request for statutory tolling, *id.* § 2244(d)(2), and equitable tolling, *Lawrence v. Florida*, 549 U.S. 327 (2007). Upon de novo review, the district court adopted the Report and Recommendation and dismissed Bracamontes-Elizondo's § 2254 habeas petition with prejudice.

The granting of a COA is a jurisdictional prerequisite to Bracamontes-Elizondo's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on

procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Bracamontes-Elizondo has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Bracamontes-Elizondo need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay on this standard, we review for abuse of discretion the district court's decision that Bracamontes-Elizondo is not entitled to have the limitations period set out in § 2244(d)(1) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Bracamontes-Elizondo's appellate filings, the magistrate judge's Report and Recommendation, the district court's Order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack*, we conclude Bracamontes-Elizondo is not entitled to a COA. The district court's resolution of Bracamontes-Elizondo's § 2254 motion is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, this court has nothing to add to the cogent

-3-

analyses set out in the magistrate judge's Report and Recommendation and the district court's Order of Dismissal. Accordingly, this court **DENIES** Bracamontes-Elizondo's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge