# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>SHAWN DEE MORGAN,<br><br>                                 Petitioner. | No.  57062-9-II<br><br>UNPUBLISHED OPINION |

LEE, J. — Shawn D. Morgan seeks relief from personal restraint following his convictions for five counts of first degree rape of a child and five counts of first degree child molestation. Morgan argues he received ineffective assistance of counsel.  However, because Morgan fails to carry his burden of showing equitable tolling applies to his case and his petition does not otherwise fall into one of the statutory exceptions to the one-year time bar, we dismiss his petition as untimely.

## FACTS

Morgan engaged in various sexual acts with three children, all under the age of twelve.  On October 23, 2017, the State charged Morgan with five counts of first degree rape of a child and five counts of first degree child molestation.  The State also alleged several aggravating circumstances.  The jury found Morgan guilty on all counts.  The jury also found all the alleged aggravating circumstances.

Morgan appealed his convictions.  *State v. Morgan*, No. 51555-5-II (Wash. Ct. App. Mar. 10, 2020) (unpublished).[1]  This court affirmed Morgan's convictions but remanded to the trial

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2051555-5-II%20Unpublished%20Opinion.pdf

court with instructions to strike various legal financial obligations from Morgan's judgment and sentence. *Id.* at 24-25. The mandate issued on May 26, 2020.

On June 22, 2022, Morgan filed this personal restraint petition (PRP), over a year after the expiration of the time bar in RCW 10.73.090(1).[2] On the same day, Morgan's appellate counsel, Warren Corey-Boulet, filed a "Motion to Extend Time," seeking "an extension of time to file Mr. Morgan's Personal Restraint Petition." Mot. to Extend Time at 1 (Jun. 22, 2022), Mot. to Extend Time at 7 (Decl. of Corey-Boulet).[3]

In a declaration attached to the motion, Corey-Boulet explained that "Mr. Morgan's initial [appellate] attorney . . . Barbara Corey, passed away on June 7, 2021."[4] Mot. to Extend Time at 5 (Decl. of Corey-Boulet). Corey was "in poor health prior to her death," but had been expected to "recover and return to her law practice." Reply to State's Resp. to Mot. to File Late PRP (Reply) at 8 (Aug. 1, 2022) (Decl. of Corey-Boulet).[5] Although there was a "nearly complete Petition," Corey did not timely finish or file the petition before her death. Mot. to Extend Time at 6 (Decl. of Corey-Boulet). Nor did Corey leave "notes or summaries of her pending cases" or "any

---

[2] RCW 10.73.090(1) provides, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

[3] The declarations contained in the Motion to Extend Time do not have page numbers. For clarity, we number the declarations contained in the Motion to Extend Time starting from the first page of the motion.

[4] This date is more than one year after the case was mandated on May 26, 2020.

[5] The declarations contained in the Reply do not have page numbers. For clarity, we number the declarations contained in the Reply starting from the first page of the motion.

spreadsheets indicating filing deadlines." Reply at 8 (Decl. of Corey-Boulet). Also, despite stating that Corey was expected to recover and return to her law practice, Corey-Boulet alleged that "had [Corey] not been fatally ill at the time that the one-year time period passed for filing the attached petition, [Corey] would have filed it in a timely manner." Mot. to Extend Time at 6 (Decl. of Corey-Boulet).

Following her death, Corey's son, Corey-Boulet, took over his mother's "sizable pending caseload," including Morgan's PRP. Mot. to Extend Time at 5 (Decl. of Corey-Boulet). Corey-Boulet also hired attorney Dena Alo-Colbeck "to take over the briefing of Ms. Corey's appellate case load." Mot. to Extend Time at 5 (Decl. of Corey-Boulet). Corey-Boulet asserted that "[u]pon reviewing Mr. Morgan's matter for briefing, Ms. Alo-Colbeck and I realized that there was a nearly complete Petition already in the file." Mot. to Extend Time at 6 (Decl. of Corey-Boulet). Corey-Boulet further asserted that he and Alo-Colbeck "simultaneously realized that the one year time period for filing that petition had passed on May 26, 2021, over a year prior, and during the time when [Corey] was in her final illness." Mot. to Extend Time at 6 (Decl. of Corey-Boulet). In a separate declaration, Alo-Colbeck asserted that she and Corey-Boulet were "unaware . . . at the time that [they] took over Mr. Morgan's case, that the one year period for filing the [PRP] had elapsed," and asked this court to extend the time to file Morgan's PRP. Mot. to Extend Time at 10-11, 12 (Decl. of Alo-Colbeck).

The State opposed Morgan's motion. The State argued that RCW 10.73.090(1)'s one-year time bar applied to Morgan's PRP and that none of the exceptions to the bar applied.

In the reply brief, Morgan's counsel argued that "[c]ourts do not consider RCW 10.73.090 a jurisdictional bar . . . but a statute of limitations to the filing of . . . a [PRP]." Reply at 3. Thus,

they argued, the statute "is subject to the doctrine of equitable tolling." Reply at 3. Morgan's counsel further argued that the equitable tolling doctrine applied and should allow Morgan to file his PRP despite the statute of limitations.

On August 8, 2022, a commissioner of this court ruled that equitable tolling did apply to Morgan's case. Specifically, the commissioner found that "the final illness and death of [Morgan's] private counsel . . . combined with the subsequent delay in finding substitute counsel and discovering this matter in private counsel's files" constituted "extraordinary circumstances justify[ing]" Morgan's late filing. Ruling (Aug. 8, 2022). The commissioner ruled that because Corey's conduct was "'sufficiently egregious,'" Morgan's "motion to extend time is granted and the petition is accepted for filing." Ruling (Aug. 8, 2022) (quoting *In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 54, 479 P.3d 1164 (2021)).

On February 23, 2023, the acting chief judge of this court referred Morgan's PRP to a panel of judges for consideration. However, the acting chief judge's order explicitly vacated the commissioner's August 8 ruling and stated that "the question of whether [Morgan's] petition is time barred will be decided by the panel." Ord. Referring to a Panel at 1 (Feb. 2, 2023).[6]

---

[6] In the Motion to Extend Time, Morgan also asserted that "RAP 18.8 permits this court, on the motion of a party, to alter the provisions of any of these rules and enlarge the time within which an act must be done in a particular case in order to serve the ends of justice." Mot. to Extend Time at 2. However, our supreme court has clarified that "RAP 18.8 applies to court rules—it does not grant the court the ability to 'waive or alter *statutes*' like the one-year time limit in RCW 10.73.090." *Fowler*, 197 Wn.2d at 53 (emphasis in original) (quoting *In re Pers. Restraint of Benn*, 134 Wn.2d 868, 939, 952 P.2d 116 (1998)).

No. 57062-9-II

ANALYSIS

A.    STATUTORY TIME BAR: RCW 10.73.090 AND RCW 10.73.100

The State argues that Morgan's PRP is time barred under RCW 10.73.090(1) and none of the statutory exceptions in RCW 10.73.100 apply. We agree.

RCW 10.73.090(1) requires that a PRP be filed within one year of the date that the petitioner's judgment and sentence becomes final. Morgan's judgment and sentence became final on May 26, 2020, when this court issued the mandate following a direct appeal. RCW 10.73.090(3)(b). Morgan did not file this PRP until June 22, 2022, over two years later. Thus, Morgan's PRP is time barred unless he shows that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1). Otherwise, Morgan must show that his PRP is based solely on one of the enumerated exceptions to the time bar in RCW 10.73.100.[7]

_____

[7] RCW 10.73.100 sets forth six statutory exceptions to the one-year time bar for PRPs:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in

5

In responding to Morgan's motion, the State argued that because Morgan's judgment "is not facially invalid and an exception under RCW 10.73.100 does not apply to [the] case, [the] motion should be denied." Resp. to Mot. to File Late PRP at 8 (Jul. 27, 2022). Morgan does not argue that his judgment and sentence is facially invalid or that it was rendered by a court without competent jurisdiction. Neither does Morgan cite to any of the statutory exceptions listed under RCW 10.73.100. Thus, Morgan's PRP is time barred under RCW 10.73.090(1) and none of the statutory exceptions in RCW 10.73.100 apply.

B.      EQUITABLE TOLLING

Morgan argues that RCW 10.73.090 and .100 do not contain the only exceptions to the one-year time bar. Specifically, Morgan argues that his PRP is not time barred under the doctrine of equitable tolling. We disagree.

Equitable tolling "allows an action to proceed 'when justice requires it, even though a statutory time period has elapsed.'" *Fowler*, 197 Wn.2d at 53 (quoting *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141, 196 P.3d 672 (2008) (plurality opinion)). "It is well established that the statutory one-year time bar for filing a PRP is not jurisdictional and may be subject to equitable tolling." *Id.* However, "any application of equitable tolling . . . must be done only in the narrowest of circumstances and where justice requires." *In re Pers. Restraint of Carter*, 172 Wn.2d 917, 929, 263 P.3d 1241 (2011). "A petitioner seeking equitable tolling [based on their attorney's

a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

misconduct] bears the burden of showing (1) that they diligently pursued their rights *and* (2) that an extraordinary circumstance prevented a timely filing." *Fowler*, 197 Wn.2d at 53-54 (adopting the federal standard for equitable tolling based on "petitioner's own attorney's misconduct") (emphasis added) (citing *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007)).

      1.     Extraordinary Circumstances

Morgan argues that Corey's failure to timely file the PRP is egregious misconduct justifying application of the doctrine of equitable tolling to his case. Morgan argues in terms of "assurances by counsel that the matter was well in hand and would be timely filed." Reply at 5. However, the record is devoid of any evidence of assurances from Corey to Morgan regarding Morgan's PRP.

"Extraordinary circumstances include, but are not limited to, bad faith, deception, or false assurances by another such as, in some cases, a petitioner's own counsel." *Fowler*, 197 Wn.2d at 54. An attorney's "ordinary . . . negligence, such as miscalculating the filing deadline," will not suffice. *Id.* Rather, petitioner must show sufficiently egregious attorney misconduct such as an attorney's failure to file their client's collateral challenge despite being timely hired to do so." *Id.*

Corey's death was unfortunate and an extraordinary circumstance that prevented the timely filing of Morgan's petition. Presumably, Morgan retained Corey to pursue a PRP. After being retained to file a PRP, Corey died on June 7, 2021, almost two weeks after the filing deadline for Morgan's petition had passed. Although Corey was "in poor health prior to her death," she had been expected to recover and return to her law practice. Reply at 8 (Decl. of Corey-Boulet). Because Corey's failure to file Morgan's collateral challenge "despite being timely hired to do"

was due to an illness that led to her unexpected death, we hold that, here, the extraordinary circumstances prong of the *Fowler* standard is met. *Fowler*, 197 Wn.2d at 54.

While Morgan has established that extraordinary circumstances prevented the timely filing of a PRP because counsel had a fatal illness then died, he also needs to establish that he diligently pursued his rights in order to carry his burden under *Fowler* for equitable tolling to apply to his case.

2. Diligence

The *Fowler* court explained that "a petitioner is required to act as diligently as reasonably can be expected under the circumstances." *Id.* at 57. *Fowler* relied on *Doe v. Busby*, wherein the Ninth Circuit explained that "[t]o determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances," including "whether the petitioner expeditiously secured counsel to file the habeas petition, the frequency and nature of the attorney-client communications, when, in light of the petitioner's education and background, he reasonably should have sought new counsel, and whether the petitioner had the means to consult alternate counsel." *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) (internal citations omitted).

The *Fowler* court found that Fowler "diligently pursued his rights" by hiring counsel to prepare his PRP before "[t]he one-year time clock . . . began to run," reaching out to counsel "repeatedly to check on the status of his case" over several months, and "hir[ing] a new lawyer *before* the deadline." *Fowler*, 197 Wn.2d at 56 (emphasis in original). Although Fowler had "recognized as early as June that he was having difficulty reaching [counsel]," but did not seek new counsel until October, the court found this delay reasonable, "especially taking into account

8

[counsel's] assurances that he was working on the case and the fact that Fowler was in prison." *Id.* at 57.

Here, the diligence exercised by the petitioner in *Fowler* is absent. Although Morgan argues that he "exercise[d] diligence in pursuing this matter and was . . . the victim of assurances by counsel that the matter was well in hand and would be timely filed," Morgan fails to carry his burden of showing he diligently pursued the matter. Reply at 5.

Corey-Boulet claims "Mr. Morgan in no way contributed to the delay in filing his petition." Reply at 5; Mot. to Extend Time at 7 (Decl. of Corey-Boulet). Alo-Colbeck similarly asserts that "[n]one of the delay in filing the Personal Restraint Petition was the fault of Mr. Morgan." Mot. to Extend Time at 11 (Decl. of Alo-Colbeck). Finally, in his reply brief, Corey-Boulet argues that "Mr. Morgan at no time failed to exercise diligence in pursuing this matter." Reply at 5. While counsel's statements may establish that Morgan is faultless in the untimely filing, the statements do not establish that Morgan diligently pursued a timely filing of his PRP. There is no declaration from Morgan explaining how he diligently pursued this matter. In fact, the record is devoid of any evidence showing any contact by Morgan with Corey, Corey-Boulet, or Alo-Colbeck regarding the status of his PRP during the over two years from the date of the Mandate to the date of the untimely filed PRP. Thus, Morgan fails to meet his burden to establish he acted diligently in pursuing this PRP.

Morgan fails to establish that equitable tolling applies to allow his untimely PRP. Accordingly, Morgan's petition is time barred, and we dismiss Morgan's petition as untimely.

No. 57062-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Cruser, A.C.J.