FILED
United States Court of Appeals
Tenth Circuit

July 23, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CRISTINA W. SEARS,

    Petitioner - Appellant,

v.

RYAN LONG, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 24-1256
(D.C. No. 1:23-CV-02207-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Cristina W. Sears, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of her 28 U.S.C. §

2254 petition.  For the reasons outlined below, we deny her request for a COA and

dismiss the matter.

I

In December 2009, Ms. Sears shot and killed her stepmother and shot her

stepsister multiple times.  Ms. Sears was subsequently convicted by a jury of first degree

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

murder after deliberation, attempted first degree murder, first degree assault, second degree assault, and menacing.  She was sentenced to life imprisonment without the possibility of parole, plus sixty-four years' imprisonment.  Judgment in the case was entered in August 2011.

Ms. Sears filed a direct appeal.  The Colorado Court of Appeals affirmed the judgment in November 2013.  Ms. Sears filed a petition for writ of certiorari that was denied by the Colorado Supreme Court in July 2014.  Ms. Sears did not file a petition for certiorari with the United States Supreme Court.

In March 2017, Ms. Sears filed a motion for postconviction relief in Colorado state court.  That motion was denied in April 2020.  The Colorado Court of Appeals affirmed the denial in February 2023.  The Colorado Supreme Court denied certiorari in August 2023.

II

Ms. Sears initiated these federal proceedings on August 28, 2023, by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Ms. Sears twice supplemented her application.  Ultimately, she asserted thirteen claims for relief, all of which focused on her original state trial proceedings.

The district court ordered respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness and exhaustion of state remedies.  Respondents argued in their pre-answer response that Ms. Sears' application was untimely and that certain of her claims were anticipatorily defaulted.

The magistrate judge (MJ) recommended that Ms. Sears' application be denied as untimely. In making this recommendation, the MJ concluded that the one-year limitations period applicable to § 2254 habeas petitions began to run on July 28, 2014 (ninety days after her conviction became final on direct appeal) and expired on October 27, 2015. The MJ therefore concluded that the "limitation period had already expired when" Ms. Sears filed her motion for postconviction relief in state court in March 2017. R. at 235. The MJ also noted that Ms. Sears commenced these federal habeas proceedings "over seven years after" the one-year "limitation period had expired." *Id.* Lastly, the MJ noted that Ms. Sears argued that her claims were equitably tolled (a) while she was in administrative segregation for 241 days in late 2014 and early 2015, (b) for four additional days in 2014 and 2015 when she was unable to access the law library, and (c) for two additional days in February 2015 when her legal work was either missing or taken. The MJ concluded that, even assuming Ms. Sears had adequately demonstrated her entitlement to equitable tolling for all of those time periods, that "would only result in a new habeas deadline of June 30, 2016." *Id.* at 237. Thus, the MJ concluded that equitable tolling was insufficient to render Ms. Sears' application timely.

On April 4, 2024, the district court issued an order overruling Ms. Sears' written objections to, and adopting and accepting, the MJ's recommendation. The district court therefore denied Ms. Sears' application as untimely and dismissed the matter. The district court also denied Ms. Sears a COA. Final judgment was entered in the case that same day.

On May 10, 2024, Ms. Sears filed a motion for reconsideration arguing that her "mental health struggles," including depression, "profoundly impacted" her "ability to manage legal processes, file paperwork and meet deadlines." *Id.* at 257–58. The district court denied that motion by written order issued on May 15, 2024. In doing so, the district court noted that Ms. Sears' allegations regarding her mental health issues "should have been raised previously and [we]re not properly presented in a Rule 60(b) motion." *Id.* at 263. The district court also concluded that, in any event, "[n]othing that" Ms. Sears "state[d] either in her Application" or her motion for reconsideration "support[ed] a finding that she could not exercise due diligence in filing a timely § 2254 application." *Id.* at 264.

On June 12, 2024, Ms. Sears filed in the district court a pleading titled "Appellant's Combined Opening Brief and Application for a Certificate of Appealability." *Id.* at 266. The district court construed the pleadings as a misdirected notice of appeal and docketed it as such.

Ms. Sears now seeks a COA from this court.

## III

To receive a COA, Ms. Sears must make a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Because the district court denied Ms. Sears' habeas petition on procedural grounds, that means that, in order to obtain a COA, she must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

4

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Ms. Sears makes no attempt to satisfy the first of these requirements and, for that reason alone, has failed to establish her entitlement to a COA. But even if we were to assume she could satisfy the first requirement, she has also failed to satisfy the second requirement. It is beyond dispute that a one-year limitations period applies to applications for federal habeas relief filed by state prisoners. 28 U.S.C. § 2244(d)(1). It is also essentially undisputed that Ms. Sears did not meet this requirement. Therefore, as the MJ noted in her recommendation, Ms. Sears was left to establish her entitlement to equitable tolling. Generally, equitable tolling requires a litigant to prove two elements: (1) that she has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in her way. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

The district court concluded that, even if the extraordinary circumstances cited by Ms. Sears were valid, her application was still untimely and she had not pursued her rights diligently. The district court also concluded, in denying Ms. Sears' motion for reconsideration, that her alleged mental health issues were insufficient to establish equitable tolling.

After examining the record on appeal and Ms. Sears' application for COA, we conclude she has failed to demonstrate that jurists of reason would find the district court's procedural ruling debatable. Ms. Sears does not dispute the district court's conclusion that the reasons cited in her application for equitable tolling, even if fully accepted, would result in only 247 days of equitable tolling and would not render her application for

5

federal habeas relief timely.  As for her alleged mental health issues, Ms. Sears makes no attempt to specify precisely when and how those issues impacted her state court or federal court filings.

For these reasons, we conclude Ms. Sears has failed to establish her entitlement to a COA.

III

We deny Ms. Sears' request for COA, grant her motion for leave to proceed on appeal in forma pauperis, and dismiss the matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge