**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MIGUEL ALBARRAN,

      Petitioner - Appellant,

v.

DAN WHITE,

      Respondent - Appellee.

No. 24-2758

D.C. No.
3:22-cv-05788-JNW

MEMORANDUM*

---

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted June 5, 2025**
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Appellant Miguel Albarran ("Albarran") appeals the district court's dismissal

of his federal habeas petition as untimely, contending he should be entitled to

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

equitable tolling.  We review de novo, *Smith v. Davis*, 953 F.3d 582, 587 (9th Cir. 2020) (en banc), and we affirm.

Albarran was initially convicted of second-degree rape for assaulting his girlfriend's thirteen-year-old daughter and sentenced to a mandatory twenty-five years in prison under Washington state law.  He later brought an ineffective assistance of counsel claim against his trial counsel, alleging that his counsel did not adequately advise him to take a plea agreement.  After unsuccessful state post-conviction proceedings ended, Albarran's post-conviction counsel miscalculated a filing deadline and failed to timely file Albarran's federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1).

To qualify for equitable tolling to excuse this late filing, Albarran must demonstrate (1) diligent pursuit of his rights and (2) some extraordinary circumstance that prevented timely filing.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  However, miscalculating filing deadlines is not an extraordinary circumstance but rather run-of-the-mill attorney error that "is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007); *see also Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015) ("Attorney mistakes that warrant the label 'garden variety'—*like miscalculating a filing deadline*—are the sort of mistakes that, regrettably, lawyers make all the

time.") (emphasis added).  Thus, the district court properly rejected Albarran's request for equitable tolling and dismissed his habeas petition as untimely.

**AFFIRMED.**