**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKEY DEWAYNE CHRISTIE,

        Petitioner - Appellant,

v.

DOUG BYRD, Warden,

        Respondent - Appellee.

No. 14-7020
(D.C. No. 6:13-CV-00045-RAW-KEW)
(E.D. of Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Rickey Dewayne Christie, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to permit him to appeal the district court's dismissal of his motion for habeas corpus relief under 28 U.S.C. § 2254. The district court held that his motion was untimely under the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). Pursuant to our jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we DENY the COA request and DISMISS the appeal.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2006, Christie was convicted of first-degree manslaughter in Oklahoma state court. Between his conviction and October 2010, Christie pursued a direct appeal, several requests for state post-conviction relief, and an ill-timed federal habeas petition. The district court comprehensively chronicled how each of these filings affected Christie's one-year AEDPA limitations period and gave Christie the benefit of every doubt in calculating tolling periods and deadlines.

Notwithstanding the district court's helpful blow-by-blow analysis, only two dates are relevant to render our decision. The first is March 17, 2011—the latest possible date, taking all of the filings and proceedings into consideration, on which Christie's one-year limitations period expired.[1] The second is January 25, 2013—the date on which Christie finally filed his federal habeas petition.

AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon the grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When the district court finds a habeas petition procedurally faulty, a COA can issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[1] As the district court correctly recognized, Christie's requests for mandamus and other unspecified judicial relief do not affect the untimeliness of his habeas petition.

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Since there is no doubt that Christie missed the one-year AEDPA deadline, only equitable or statutory tolling can rescue his petition from being time-barred. "To be entitled to equitable tolling, [appellant] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks omitted). Equitable tolling is only appropriate in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Relatedly, under § 2244(d)(1)(B)–(D), statutory tolling is available in cases of (1) delay-causing governmental interference, (2) newly discovered, retroactively applicable constitutional rights, and (3) the unearthing of new factual predicates. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 & n.6 (2005).

Construing Christie's filing liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we are unable to detect a well-pointed justification for tolling within his brief. We do, however, briefly address his two most intelligible arguments. First, Christie contends that the deficient resources available at the prison law library presented an impediment to his timely filing. Under our precedent, however, this claim fails because Christie has not provided sufficient facts suggesting that the state actively prevented him from accessing relevant

materials, including those explaining AEDPA's filing deadline. *See Marsh v. Soares*, 223 F.3d 1217, 1220–21 (10th Cir. 2000); *Gibson*, 232 F.3d at 808.

Second, seeking to make use of the Supreme Court's recent decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), Christie alleges his actual innocence to overcome his filing delay. But considering Christie has offered no new evidence at all, let alone constitutionally relevant new evidence, he cannot proceed past the actual-innocence gateway to overcome the AEDPA statute of limitations. *See id.* at 1928, 1935; *see also Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.")

The remainder of Christie's arguments reduce to a direct attack on the reasons for his confinement, but they do not address the untimeliness of his habeas petition. Moreover, even after our own thorough review of the record on appeal for any grounds that would support further tolling the AEDPA limitations period, we have come up empty. Put candidly, there is no reason Christie should have waited until January 25, 2013 to file a habeas petition that was due by March 17, 2011 *at the latest*. Accordingly, the district court was correct in finding Christie's petition untimely, and we conclude that Christie has failed to demonstrate his entitlement to a COA.

We DENY Christie's request for a COA and DISMISS this matter.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge