FILED
United States Court of Appeals
Tenth Circuit

December 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOEY BUENO,

       Petitioner - Appellant,

v.

RAE TIMME; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

       Respondents - Appellees.

No. 14-1245
(D. Colorado)
(D.C. No. 1:13-CV-03401-LTB)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **McHUGH**, Circuit Judges.

This matter is before the court on Joey Bueno's pro se request for a

certificate of appealability ("COA").[1]  Bueno seeks a COA so he can (1) appeal

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition,

28 U.S.C. § 2253(c)(1)(A); and (2) appeal the district court's denial of his post-

judgment Fed. R. Civ. P. 60(b) motion, *Spitznas v. Boone*, 464 F.3d 1213, 1217-

18 (10th Cir. 2006) (holding that when a district court denies a "true" 60(b)

---

[1]Bueno's request to proceed on appeal in forma pauperis is hereby **granted**.

motion, this court "will require the movant to obtain a [COA] before proceeding with his . . . appeal").

This court lacks jurisdiction to review the order of the district court denying Bueno's § 2254 petition because Bueno did not file a timely notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").  The district court entered an order denying Bueno's § 2254 petition on April 11, 2014; judgment was entered on that same day.  Bueno did not file his notice of appeal until June 18, 2004.  *But see* Fed. R. App. P. 4(a)(1)(A) (providing that any notice of appeal in a civil case must be filed within thirty days of entry of judgment). Furthermore, Bueno's Rule 60(b) motion did not toll the applicable thirty-day period because that motion was not filed within twenty-eight days of entry of judgment.  Fed. R. App. P. 4(a)(4)(A)(vi).[2]

This court does have jurisdiction to review the district court's denial of Bueno's Rule 60(b) motion.  *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241-42 (10th Cir. 2006) (reviewing denial of Rule 60(b) motion even though the notice of appeal for the merits judgment was untimely).  Because the

---

[2]For that same reason, the district court was correct when it concluded Bueno's motion could not be construed as a Fed. R. Civ. P. 59 motion.  *See* Fed. R. Civ. P. 59(b) (providing a Rule 59 motion must be filed no later than twenty-eight days after entry of judgment); *see also* Fed. R. App. P. 4(a)(4)(A)(iv) (providing that the time for filing a notice of appeal does not begin to run until the district court has disposed of a Rule 59 motion to alter or amend the judgment).

Rule 60(b) motion challenged the district court's determination that Bueno's

§ 2254 petition was untimely, it is a "true" Rule 60(b) motion. *Spitznas*, 464 F.3d

at 1216 ("[A] motion asserting that the federal district court incorrectly dismissed

a petition . . . because of the statute of limitations constitutes a true 60(b)

motion.").

In his Rule 60(b) motion, Bueno did not contend his § 2254 motion was

timely. Instead, he asserted he was entitled to equitable tolling. In denying the

motion, the district court concluded Bueno's asserted entitlement to equitable

tolling based on alleged appellate-attorney misconduct did not justify equitable

tolling because (1) a simple miscalculation on the part of an attorney as to the

relevant limitations period is not sufficient to warrant equitable tolling, *Lawrence*

*v. Florida*, 549 U.S. 327, 336-37 (2007); and, in any event, (2) Bueno had not

acted diligently in pursuing his federal claims, *Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005). The district court concluded Bueno was not entitled to equitable

tolling on the basis of his asserted actual innocence because that claim was not

supported with "new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that

was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The district court's conclusions in these regards are not remotely debatable.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the decision

-3-

appealed from involves a procedural ruling, this court will not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Spitznas*, 464 F.3d at 1225 (quotation omitted). Because Bueno has failed to make a substantial showing of the denial of a constitutional right, he is not entitled to a COA. Furthermore, the granting of a COA is a jurisdictional prerequisite to Bueno's appeal from the denial of his Rule 60(b) motion. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).

For those reasons set out above, this appeal is hereby **dismissed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge