FILED
United States Court of Appeals
Tenth Circuit

January 30, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CARL DEAN SAMPSON,

        Petitioner - Appellant,

    v.

ROBERT PATTON, Director of the
Oklahoma Department of Corrections,

        Respondent - Appellee.

No. 14-5084
(N.D. Oklahoma)
(D.C. No. 4:13-CV-00760-TCK-TLW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **GORSUCH**, **MURPHY,** and **McHUGH**, Circuit Judges.

---

Petitioner, Carl Dean Sampson, an Oklahoma state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). In 1992, Sampson was convicted by a jury of first degree murder and sentenced to life imprisonment without the possibility of parole. His conviction was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on December 12, 1994. Sampson filed a series of miscellaneous motions in

Oklahoma state court between September 8, 1999 and July 27, 2001. All were denied. On November 14, 2011, he filed his first state application for post-conviction relief. He filed his second post-conviction application on June 1, 2012. The Oklahoma courts denied post-conviction relief.

Sampson's § 2254 habeas corpus petition was filed in the United States District Court for the Northern District of Oklahoma on November 20, 2013. In the petition, Sampson raised six issues, alleging (1) he was denied effective assistance of trial counsel at his competency hearing, (2) trial counsel failed to request a current competency hearing, (3) the application of Oklahoma's unconstitutional standard-of-proof on competency denied him due process, (4) he was denied effective assistance of appellate counsel, (5) the OCCA applied an unconstitutional standard when it reviewed his appellate claims, in violation of his due process rights, and (6) Oklahoma's procedural rules governing review of his post-conviction claims are not adequate and independent.

Respondent moved to dismiss Sampson's federal habeas action as time-barred, arguing it was filed after the expiration of the limitations period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 petitions). The district court concluded Sampson's convictions became final on March 12, 1995, prior to the enactment of the AEDPA. Thus, Sampson had until April 24, 1997, to file his § 2254 habeas petition, *see Hoggro v. Boone*, 150 F.3d

1223, 1225 (10th Cir. 1998), but did not file it until November 20, 2013. The district court rejected Sampson's assertion he was entitled to equitable tolling of the AEDPA limitations period, concluding Sampson failed to show he was incapacitated by mental illness during the limitations period and further failed to show he diligently pursued his rights. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation omitted)). Accordingly, the court granted Respondent's motion as to five of Sampson's six claims, concluding they were time barred. As to Sampson's sixth claim challenging post-conviction rulings made by the Oklahoma state courts, the district court dismissed it after concluding it is not a claim that can be raised in a federal habeas matter. Sampson seeks to appeal the dismissal of all six claims raised in his § 2254 petition.

To be entitled to a COA, Sampson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district

court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

In his appellate brief, Sampson asserts he was institutionalized for mental incapacity and force-medicated shortly after conviction and, thus, an extraordinary circumstance prevented him from timely filing his federal habeas petition. He supports this assertion with documents not presented to the district court. Even if this court considers these documents,[1] the appellate record shows Sampson began filing motions in state court in July 1999, more than one year after the AEDPA limitations period ended, and continued filing lucid pleadings through 2012. Yet, Sampson did not file his federal habeas petition until November 2013. He has not indicated when his institutionalization ended or explained why he was able to proceed in state court beginning in 1999 but failed to diligently pursue his federal habeas rights until fourteen years after that date. Thus, the district court was undeniable correct in concluding Sampson failed to diligently pursue his rights and is therefore not entitled to equitable tolling. Accordingly, the district court's ruling that five of the claims raised in Sampson's § 2254 petition are untimely is not deserving of further proceedings or subject to a different resolution on appeal.

As to Sampson's remaining claim, he argued his due process rights were violated because the Oklahoma courts refused to apply *Cooper v. Oklahoma*, 517

---

[1]Sampson's motion to supplement the record is **granted**.

U.S. 348 (1996), retroactively on state post-conviction review. The district court correctly dismissed this claim because it is not cognizable in a federal habeas petition. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). The dismissal of this sixth claim is not deserving of further proceedings or subject to a different resolution on appeal.

Sampson also argues the court erred by failing to hold an evidentiary hearing. Because Sampson's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003).

Because Sampson has not made a substantial showing of the denial of a constitutional right, we **deny** his request for a COA and **dismiss** this appeal. Sampson's motion to proceed *in forma pauperis* on appeal is **granted**. His request for appointment of counsel is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge