ALICE M. BATCHELDER, Circuit Judge,
concurring in the result.
I agree completely with the majority’s analysis of the ineffeetive-assistance-of-counsel claim and would similarly find that the district court erred by granting a writ of habeas corpus — if reaching the merits were appropriate. It is not appropriate, however, because Tyler’s petition is time-barred.
The Antiterrorism and Effective Death Penalty Act (“AEDPA”) provides a one-year statute of limitations for federal applications for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). Although the statute of limitations is “not jurisdictional,” when it has been timely asserted by the warden it “effectively bars relief absent a showing that the petition’s untimeliness should be excused based on equitable tolling and actual innocence.” Akrawi v. Booker, 572 F.3d 252, 260 (6th Cir.2009). The district court at least followed the correct procedure; it excused the statute of limitations based on a showing of actual innocence, even if that determination was incorrect. The majority, however, notes simply that the court “need not determine” whether the petition is time-barred because of its holding that Tyler loses on the merits. But AEDPA does not allow us to ignore a time bar to rule on the merits, regardless of whether the case has any merit.
This court is thus barred from deciding this case on the merits if Tyler’s petition was untimely. And it was.[1] Tyler’s limitations period began to run on “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” 28 U.S.C. § 2244(d)(1)(A). If a petitioner does not seek certiorari before the Supreme Court, the judgment becomes final for AEDPA purposes — and the limitations period begins — after the ninety-day period in which he could have petitioned for cer-tiorari. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir.2000). Here, the Tennessee Supreme Court denied review of the case on June 26, 2006, concluding Tyler’s direct review. The ninety-day certiorari period expired on September 26, 2006. Thus, the limitations period began to run on September 27, 2006.
AEDPA further provides that “[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.” 28 U.S.C. § 2244(d)(2). On June 18, 2007, Tyler filed a state post-conviction petition. By this date, 266 days had run from the one-year statute of limitations. Upon filing the state post-conviction petition, however, the statute began to toll. It did not begin to run again until state post-conviction review was no longer “pending.”
*452 The warden and Tyler each point to a different date for when state post-conviction review was no longer pending. The warden argues that the relevant date is August 26, 2010, which is when the Tennessee Supreme Could issued its order denying Tyler’s application for permission to appeal. Under this timeline, the statute of limitations expired on December 3, 2010, and Tyler’s petition — which was filed on December 9, 2010 — would have been untimely. Tyler, on the other hand, contends that the relevant date is September 14, 2010, which is when the Tennessee Supreme Court issued its mandate for the case. Under this timeline, the statute of limitations expired on December 22, 2010, and Tyler’s petition would have been timely-
The timeliness of Tyler’s petition thus hinges on when state post-conviction relief was no longer pending: either when the Tennessee Supreme Court issued its order or when it issued its mandate. Pointing to Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), and Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), Tyler argues .that the Supreme Court has suggested that, as a blanket rule, the mandate is the relevant date. The Court has created no such blanket rule, however. Rather, the Court has noted that “until the application has achieved final resolution through the State’s post-conviction procedures, by definition it remains ‘pending.’ ” Carey v. Saffold, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Latching on to this language, the Lawrence Court, while noting that the relevant date in that case was the mandate, stated that an application for state post-conviction relief is finally resolved “[a]fter the State’s highest court has issued its mandate or denied review.” Lawrence, 549 U.S. at 332, 127 S.Ct. 1079 (emphasis added). The Court thus has specifically contemplated either a denial of review or a mandate as “finally resolving” a state post-conviction petition.
So how do we determine when a state has “finally resolved” a post-conviction pe: tition? The Court counsels us to look to the relevant state’s practices. See Day v. McDonough, 547 U.S. 198, 203-05, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (noting AEDPA’s tolling provision is calculated from the issuance of the mandate by the Florida appellate court because “under Florida law, appellate order ‘is pending[1] until the mandate issues”). Fortunately for us, Tennessee law is clear: the date of the decision, and not the date of the mandate, is the relevant date. See Pinchon v. State, No. M2003-00816-CCA-R3-PC, 2004 WL 193055, at *4 (Tenn.Crim.App. Jan. 28, 2004) (“This court has consistently held that the final action of the supreme court is the date of the filing of either the court’s opinion or denial of application for permission to appeal.”).
This means that, when the Tennessee Supreme Court issued its order denying Tyler’s application for permission to appeal on August 26, 2010, Tyler’s state post-conviction petition was no longer “pending,” and the AEDPA statute of limitations began to run again. The statute thus expired on December 3, 2010. Because Tyler did not file his petition until December 9, 2010, his petition was untimely.
The district court recognized that the petition was untimely, but held that Tyler had made a sufficient showing of actual innocence to excuse the time bar. We have indeed allowed equitable tolling of AEDPA’s statute of limitations based upon a credible claim of actual innocence. See Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir.2005). We have also warned, however, that equitable tolling “should only be granted sparingly.” Id. at 588. The Supreme Court agrees; the actual innocence *453 exception should “remain rare,” being applied only in the “extraordinary case.” Schlup v. Delo, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (internal quotation marks omitted). A credible showing of actual innocence requires “new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.” House v. Bell, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted). This new evidence must lead us to a conclusion that “it is more likely than not that no reasonable juror would have found [Tyler] guilty beyond a reasonable doubt.” McCray v. Vasbinder, 499 F.3d 568, 571 (6th Cir.2007) (quoting Schlup, 513 U.S. at 327, 115 S.Ct. 851) (internal quotation marks omitted).
We do not have such an extraordinary case here. The district court did not elaborate on what evidence it believed comprised the “sufficient showing of actual innocence.” Tyler has certainly shown no scientific or physical evidence, so his evidence must be “trustworthy eyewitness accounts” in order to apply. Wing’s testimony does not qualify, as he was not an eyewitness to the crime. Schultz’s testimony — through the supposed bolstering of Wing’s testimony — does not qualify either, because although he was an eyewitness to the crime, he is far from trustworthy given the fact that he gave throughout the course of the investigation and trial four different accounts of the night in question. Without any new reliable evidence, Tyler is not eligible for the actual innocence exception, and the time bar still applies. Because it applies, relief is inappropriate on that ground and that ground alone.
We have on occasion ruled on the merits in the alternative, while also recognizing that the time bar precludes relief in and of itself. See Akrawi, 572 F.3d at 261 (“Yet, for the reasons that follow, we conclude ... that even if the merits of the petition were considered, the result would be the same: Akrawi is not entitled to habeas relief.”). But that is not what the lead opinion has done here. For this reason, while I believe the majority is exactly correct in its analysis of the ineffective-assistance-of-counsel claim, I cannot join its opinion, because the merits should not have been reached. I concur only in the result of reversing the district court’s grant of the writ.

. Tyler contends that the warden waived this issue because she failed to include it in her "Statement of the Issue.” The warden did, however, include the time-bar issue in her table of contents and in the argument section of her brief. Further, Tyler responded to the time-bar issue in his brief, and the issue was fully argued at oral argument. Under similar circumstances, we have held that the issue is not waived. See Rose v. State Farm Fire & Cos. Co., 766 F.3d 532, 540 (6th Cir.2014); Union Oil Co. of Cal. v. Prof'l Realty Invs., Inc., 72 F.3d 130, 1995 WL 717021, at *11 n. 4 (6th Cir.1995) (table decision).