[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15279
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-01327-VMC-CPT

CLYDE J. HOLLIDAY, III,

Plaintiff-Appellant,

versus

MARKEL SYNDICATE 3000 AT UNDERWRITERS AT LLOYDS,
London and their Heirs, appointees, assigns, and affiliates,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 30, 2020)

Before JORDAN, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Clyde Holliday appeals the district court's dismissal of his *pro se* complaint alleging malicious prosecution under Florida law.  Holliday, once again proceeding *pro se*, argues that the court erred in concluding that his complaint was a new legal action and that the statute of repose for fraud claims did not preserve his claims.

The allegations advanced in the complaint are well-known to both parties. As relevant to this appeal, Holliday sought to bring a malicious prosecution claim against his former employer, Markel, after Markel sent a letter to the state of Florida claiming that Holliday embezzled over $300,000 from the company. Holliday was charged with a felony, but the case was later subject to a notice of nolle prosequi on October 8, 2013.  Holliday filed his complaint on June 4, 2018. The district court dismissed the complaint as time-barred, explaining that the action was subject to the statute of limitations for malicious prosecution because it was filed more than four years after the prosecution was terminated in the plaintiff's favor.  *See* Fla. Stat. § 95.11(3)(o); *Manuel v. City of Joliet*, 137 S. Ct. 911, 921 (2017).

We review de novo a district court's dismissal of a complaint for failure to state a claim.  *Cromartie v. Shealy*, 941 F.3d 1244, 1251 (11th Cir. 2019) (citing *Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1260–61 (11th Cir. 2012)).  The district court's interpretation and application of the statute of limitations is a question of law that we review de novo.  *Lawrence v. Florida*, 421 F.3d 1221, 1224 (11th Cir.

2005) (citation omitted), *aff'd*, 549 U.S. 327 (2007).  Issues not briefed on appeal are deemed abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

The complaint is viewed in the light most favorable to the plaintiff, and all the plaintiff's well-pleaded facts are accepted as true.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  *Pro se* pleadings are held to a less strict standard than counseled pleadings and are liberally construed.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted).  In order to survive a motion to dismiss, however, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The district court must accept the plaintiff's allegations as true but is not required to accept his legal conclusions.  *Id.* at 678.  A threadbare recital of the elements of a cause of action, supported by conclusory statements, does not suffice.  *Id.*

Dismissal under Fed. R. Civ. P. 12(b)(6) on statute of limitations grounds is appropriate when it is apparent the claim is time-barred from the face of the complaint.  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). We conclude that the district court did not err in dismissing Holliday's complaint because Holliday's claim was time-barred on its face.  As previously noted, the statute of limitations for malicious prosecution under Florida law is four years, and

the statute of limitations begins to run when the prosecution is terminated in the plaintiff's favor. *See* Fla. Stat. § 95.11(3)(o)*.* Holliday filed his claim after the four-year period had expired.

Holliday argues that he had twelve years to bring his action, noting that under Florida law a fraud claim must be brought no later than 12 years after the alleged fraudulent action occurred. Fla. Stat. § 95.031(2)(a). However, the statute of limitations to bring a claim of fraud under Florida law is four years from the date the claim accrues—not twelve. Fla. Stat. § 95.11(3)(j). These provisions contain two separate limitations: the twelve-year repose period begins from the date the alleged fraud was committed, whereas the four-year statute of limitations begins once the fraud is discovered (or should have been discovered). Even if the *pro se* complaint is construed as containing a fraud claim, it is still time-barred.

Holliday also appears to argue that the four-year period could not have lapsed due to a previous action he filed making similar claims. When an action is dismissed, however, the statute of limitations is not tolled during the period that the dismissed action was pending—it instead runs as if the dismissed action had never been filed. *See Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993).

Here, the district court did not err in dismissing Holliday's complaint for failure to state a claim because the four-year statute of limitations for malicious prosecution had expired and the limitations period had not been tolled by his

previous action or the statute of repose for fraud claims.  None of the other

arguments Holliday advances in his appeal make out a plausible claim for relief.

   **AFFIRMED.**