FILED
United States Court of Appeals
Tenth Circuit

September 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALBERTO MATIAS-MARTINEZ,

Petitioner - Appellant,

v.

DEAN WILLIAMS; ATTORNEY
GENERAL STATE OF COLORADO,

Respondents - Appellees.

No. 20-1249
(D.C. No. 1:19-CV-02993-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Petitioner-Appellant Alberto Matias-Martinez, an inmate appearing pro se, seeks a

Certificate of Appealability (COA) to appeal from the district court's order dismissing

with prejudice his application for a writ of habeas corpus, 28 U.S.C. § 2254, as untimely.[1]

To obtain a COA Mr. Matias-Martinez must make "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies a

habeas application on procedural grounds, the movant must show that reasonable jurists

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Matias-Martinez also moves the court to take judicial notice of a document filed in the district court. This document is included in the record on appeal, so judicial notice is not necessary. See R. 273.

would find the procedural ruling debatable, as well as the underlying constitutional claims. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Matias-Martinez was convicted of two counts of first-degree felony murder and sentenced to life in prison without the possibility of parole. The Colorado Court of Appeals affirmed on direct appeal. People v. Matias-Martinez, Colo. App. No. 93CA1938 (Nov. 9, 1995) (unpublished). In 1997, Mr. Matias-Martinez sought state postconviction relief, which the state district court denied. On appeal, the Colorado Court of Appeals affirmed but remanded to the state district court with directions to issue letters rogatory to Mexico so that defense counsel could obtain statements from individuals then incarcerated in that country. People v. Martinez, Colo. App. No. 02CA2256 (Feb. 10, 2005) (unpublished). The Colorado Supreme Court denied certiorari. Matias-Martinez v. People, Colo. No. 05SC226 (June 20, 2005) (unpublished). The state district court issued the letters as directed and Mr. Matias-Martinez eventually filed another motion for state postconviction relief in 2012.

The district court adopted a recommendation of a magistrate judge that Mr. Matias-Martinez's application be dismissed as untimely. The magistrate reasoned that the one-year limitation period, 28 U.S.C. § 2244(d), had run between the denial of certiorari on the postconviction claim by the Colorado Supreme Court in 2005 and the filing of Mr. Matias-Martinez's motion for state postconviction relief in 2012, seven years later. The magistrate judge also rejected Mr. Matias-Martinez's claim that state action prevented him from timely filing, that equitable tolling should apply, and that he qualified for an exception because he could make a credible showing of actual innocence.

2

Initially, Mr. Matias-Martinez faces a different timeliness issue under this court's rules. The district court entered final judgment on May 13, 2020, which means that his notice of appeal was due on or before June 12, 2020. Fed. R. App. P. 4(a)(1)(A). The district court did not receive his notice until July 6, 2020. In response to this court's order to show cause, Mr. Matias-Martinez moved for and obtained an order from the district court extending the time to file a notice of appeal or reopening the time to file an appeal. The district court did not abuse its discretion in so ruling. Fed. R. App. P. 4(a)(5)(A) & 4(a)(6).

The habeas corpus limitation period is tolled for "[t]he time which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Mr. Matias-Martinez maintains that "the postconviction action was one continuous event" that only concluded when his second motion for state postconviction relief was fully resolved. Aplt. Br. at 9. But § 2244(d)(2) tolls the limitation period only while state courts review an application, i.e. while it is "pending" under the statute. Lawrence v. Florida, 549 U.S. 327, 332 (2007). Mr. Matias-Martinez had no application for state postconviction relief under review by Colorado courts between 2005 — when his first motion was resolved — and 2012 — when he filed his second motion. Accordingly, the one-year limitation period ran during that time.

Mr. Matias-Martinez's arguments for equitable tolling or actual innocence do not make the district court's rejection of them reasonably debatable. To qualify for equitable tolling, Mr. Matias-Martinez must show "(1) that he has been pursuing his rights

3

diligently, and (2) that some extraordinary circumstance stood in his way." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence, 549 U.S. at 327). Setting aside the diligence question, Mr. Matias-Martinez has shown no extraordinary circumstance that would excuse his untimely filing. His reasonable, though mistaken, understanding of the legal posture and effects of his motions and the proceedings in state court do not meet the bar. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Actual innocence "serves as a gateway through which a petitioner may pass" to overcome the expiration of the limitations period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare" because the petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). As the magistrate judge explained, the Innocence Project letter and legal memorandum relied on by Mr. Matias-Martinez are not new, reliable exculpatory evidence under Schlup. Even if the information related in the affidavit from a fellow inmate is reliable and true, it fails to meaningfully call Mr. Matias-Martinez's conviction for felony murder into question, much less demonstrate that no juror could reasonably vote to find him guilty beyond a reasonable doubt.

4

We DENY a COA, DENY IFP, and DENY as moot the motion to take judicial notice.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge