FILED
United States Court of Appeals
Tenth Circuit

July 11, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

CARLOS TOVAR-MENDOZA,

    Petitioner - Appellant,

v.

RICHARDO MARTINEZ; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 23-2186
(D.C. No. 2:18-CV-00982-KWR-LF)
(D. N.M.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Carlos Tovar-Mendoza, a New Mexico state prisoner, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 petition. For the reasons outlined below, we deny his request for a COA and

dismiss the matter.

I

In the fall of 2002, two separate criminal cases were filed against Mr. Tovar-

Mendoza in New Mexico state court. Mr. Tovar-Mendoza entered into a combined plea

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement pursuant to which he pleaded no contest to second-degree kidnapping, two counts of second-degree criminal sexual penetration, and third-degree aggravated battery against a household member.  Mr. Tovar-Mendoza was subsequently sentenced to a term of imprisonment of 30 years, with 5 years suspended, plus a 5-year term of supervised probation.

Mr. Tovar-Mendoza unsuccessfully sought post-conviction relief in the New Mexico state courts.  He then, in December 2005, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Although the district court denied the petition, Mr. Tovar-Mendoza appealed and we reversed the judgment of the district court and remanded with instructions to conditionally grant the petition, subject to the State of New Mexico allowing Mr. Tovar-Mendoza to withdraw his no contest plea and proceed on the criminal charges against him.  *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1263, 1272 (10th Cir. 2010).

Mr. Tovar-Mendoza was retried in state court in November 2011.  The jury convicted him of kidnapping, two counts of criminal sexual penetration, and aggravated battery against a household member.  Mr. Tovar-Mendoza was sentenced to a term of imprisonment of 33 years, with 8 years suspended, to be followed by parole for 5 years to life, and supervised probation for a term of 5 to 20 years.  The State subsequently filed a supplemental information seeking to enhance Mr. Tovar-Mendoza's sentence under New Mexico's habitual offender statute.  The trial court, after conducting a hearing on the matter, enhanced Mr. Tovar-Mendoza's sentence by one year.

Mr. Tovar-Mendoza appealed.  The New Mexico Court of Appeals affirmed his convictions and sentence.  He did not file a petition for writ of certiorari with the New Mexico Supreme Court.  His criminal judgment therefore became final on May 1, 2013.

Slightly less than a year later, Mr. Tovar-Mendoza filed a petition for state habeas relief.  That petition was denied in June 2016.  Mr. Tovar-Mendoza filed a petition for writ of certiorari with the New Mexico Supreme Court.  That petition was denied in February 2017.

In November 2017, Mr. Tovar-Mendoza filed a second petition for state habeas relief.  In March 2018, the state district court granted in part and dismissed in part the second petition.  In doing so, the state district court concluded that the terms of parole and probation that were imposed on Mr. Tovar-Mendoza exceeded the applicable limits under New Mexico law.  The state district court therefore issued an amended judgment reflecting that Mr. Tovar-Mendoza would serve a 5-year term of probation and a 2-year period of parole.  Mr. Tovar-Mendoza then filed a petition for writ of certiorari with the New Mexico Supreme Court.  In May 2018, the New Mexico Supreme Court denied the petition.

In October 2018, Mr. Tovar-Mendoza filed a pro se petition for federal habeas relief pursuant to 28 U.S.C. § 2254.  In March 2020, the district court dismissed the petition as untimely.  Mr. Tovar-Mendoza subsequently filed a series of motions, supplements, and notices seeking relief from the district court's dismissal order.  The district court struck all of these post-judgment filings and directed Mr. Tovar-Mendoza to file a single motion for relief from judgment.  In October 2021, Mr. Tovar-Mendoza,

3

represented by counsel, filed a consolidated Rule 60 motion and a motion for leave to file a supplementary affidavit. The district court granted the motions in part and reopened the case.

Mr. Tovar-Mendoza did not dispute that the one-year limitations period for filing his § 2254 petition had expired, but he argued in his Rule 60 motion that he was entitled to equitable tolling of the one-year limitations period for two reasons: (1) his English language skills were insufficient to allow him to understand the applicable statute of limitations; and (2) ineffective assistance of counsel caused him to miss the filing deadline.

The magistrate judge assigned to the case issued proposed findings and a recommended disposition. The magistrate judge concluded that Mr. Tovar-Mendoza's petition was untimely and that he failed to present extraordinary circumstances that would warrant equitable tolling. The magistrate judge also concluded that even if the petition was timely, it would fail on the merits. The magistrate judge therefore recommended that the district court deny Mr. Tovar-Mendoza's Rule 60 motion and dismiss the case with prejudice.

Mr. Tovar-Mendoza filed written objections to the magistrate judge's recommended disposition. In doing so, however, he did not address the magistrate judge's conclusion that he failed to act diligently in pursuing his available remedies. Nor did he address the magistrate judge's conclusion that his claims lacked merit.

On October 20, 2023, the district court issued a memorandum opinion and order overruling Mr. Tovar-Mendoza's objections and adopting in part the magistrate judge's

4

recommended disposition. The district court concluded that it could deny the petition solely on the grounds that Mr. Tovar-Mendoza failed to object to the magistrate judge's conclusions that he failed to act diligently in pursuing his claims and that his claims lacked merit. The district court also concluded, in the alternative, that Mr. Tovar-Mendoza failed to establish his entitlement to equitable tolling and, in any event, was not entitled to federal habeas relief. The district court therefore denied the petition, dismissed the case, and denied Mr. Tovar-Mendoza a COA.

Mr. Tovar-Mendoza now seeks a COA from this court.

II

To receive a COA, Mr. Tovar-Mendoza must make a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Because the district court denied Mr. Tovar-Mendoza's habeas petition on procedural grounds, that means that, in order to obtain a COA, Mr. Tovar-Mendoza must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Notably, Mr. Tovar-Mendoza makes no attempt to satisfy the first of these requirements. For that reason alone, he has failed to establish his entitlement to a COA.

But even if we were to assume he could satisfy the first requirement, he has also failed to satisfy the second requirement. It is beyond dispute that a one-year limitations period applies to applications for federal habeas relief filed by state prisoners. 28 U.S.C.

5

§ 2244(d)(1).  It is also undisputed that Mr. Tovar-Mendoza did not meet this requirement.  Therefore, Mr. Tovar-Mendoza was left to establish his entitlement to equitable tolling.  Generally, equitable tolling requires a litigant to prove two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  The district court concluded that Mr. Tovar-Mendoza failed to establish either element.

Although Mr. Tovar-Mendoza takes issue with the district court's conclusion that he was not entitled to equitable tolling, we conclude he has failed to demonstrate that jurists of reason would find the district court's procedural ruling debatable.  To begin with, Mr. Tovar-Mendoza fails to specify the particular time periods that should be tolled.  Further, he fails to establish that he acted diligently in pursuing his claims in state court.  Moreover, as the district court noted, Mr. Tovar-Mendoza failed to present any evidence that he asked his counsel to file a federal habeas petition or that his counsel misrepresented to him that he would file one.  Therefore, there is no basis in the record to conclude that his failure to timely file his federal habeas petition was the result of ineffective assistance of counsel.  Finally, Mr. Tovar-Mendoza's purported lack of understanding of the English language does not qualify as an extraordinary circumstance that would justify equitable tolling.  *See Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (concluding that petitioner's limited proficiency in English did not constitute an extraordinary circumstance that justified equitable tolling of the one-year limitations period).

III

We deny Mr. Tovar-Mendoza's request for COA and dismiss the matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge