# United States Court of Appeals for the Fifth Circuit

No. 24-20042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2024

Lyle W. Cayce
Clerk

Samuel Lee Jones, Jr.,

*Plaintiff—Appellant*,

*versus*

Michael Wheeler,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-51

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Samuel Lee Jones, Texas prisoner # 1787475, filed a 42 U.S.C. § 1983 complaint contending that an inadequate prison law library and rules restricting inmates from assisting each other with legal matters violated his constitutional right to access of the courts. The district court granted summary judgment in favor of the defendants. By moving to proceed in

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

forma pauperis (IFP) in this court, Jones challenges the district court's denial of his motion for leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Jones must demonstrate that he will present a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

As an initial matter, Jones does not challenge the district court's order dismissing Bobby Lumpkin on the basis that Jones failed to state a claim of supervisory liability. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Thus, Jones's claims against Lumpkin are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Contrary to Jones's assertion, the decision in *Trevino v. Thaler*, 569 U.S. 413, 428-29 (2013), does not require a state habeas court to appoint counsel in state habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Furthermore, Jones's failure to exhaust his ineffective assistance of counsel claims in his state habeas proceedings was not due to the lack of habeas counsel or inadequate habeas counsel, but rather because Jones failed to follow a page-limit requirement. *See Jones v. Lumpkin*, 22 F.4th 486, 492 (5th Cir. 2022). Thus, Jones fails to demonstrate that he suffered an actual injury due to his inability to discover the decisions in *Trevino* and *Buck v. Davis*, 580 U.S. 100 (2017), at the time he filed his initial 28 U.S.C. § 2254 application and postjudgment motion pursuant to Federal Rule of Civil Procedure 60(b)(6). *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Likewise, Jones fails to explain how he has been prejudiced by the prison rules and policies preventing inmates from talking and assisting each other with legal matters while in the law library. *See id.*

Accordingly, Jones has failed to present a nonfrivolous issue with respect to the district court's grant of summary judgment in favor of the

No. 24-20042

defendant. *See Howard*, 707 F.2d at 220. His is motion to proceed IFP is therefore DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.