**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC S. RAY,

     Petitioner - Appellant,

v.

CHRISTE QUICK, Warden,

     Respondent - Appellee.

No. 24-7012
(D.C. No. 6:23-CV-00067-RAW-GLJ)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Eric Ray, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2254 petition.[1] Exercising jurisdiction under 28 U.S.C. § 1291 and § 2253, we deny Ray a COA.

**BACKGROUND**

**I.     State Proceedings**

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ray proceeds pro se, we liberally construe his arguments, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

In 2019, Ray was convicted of one count of domestic assault and battery resulting in great bodily harm, in violation of Okla. Stat. tit. 21, § 644(F). He was sentenced to 30 years' imprisonment, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence.

Ray then filed an application for state-postconviction relief, which was denied on January 26, 2022. Ray didn't receive notice of that denial until February 22, 2022—a week after the deadline to appeal. *See* Okla. Ct. Crim. App. R. 5.2(C)(1) (requiring an appellant to file a notice of appeal within twenty days from entry of the final order). Rather than seeking an appeal out of time, *see* Okla. Ct. Crim. App. R. 2.1(E), Ray filed a notice of appeal on February 22. And two weeks later, Ray filed in the OCCA a petition for writ of mandamus, in which he faulted the trial court for his missing the twenty-day deadline to appeal. In January 2023, the OCCA dismissed his appeal for lack of jurisdiction.[2]

## II.    Federal Proceedings

In February 2023, Ray filed the underlying § 2254 petition, raising ten claims. In response, the State filed a motion to dismiss, contending that Ray had filed his petition after the one-year deadline and that he had not exhausted his state remedies. Ray countered that he should receive equitable tolling (1) for the months he was denied access to legal materials due to lockdowns in

---

[2] In February 2023, Ray filed an application for postconviction relief seeking an appeal out of time, which was granted.

2

2020 and (2) for the time it took the OCCA to dismiss his appeal for lack of jurisdiction.

The district court ruled that Ray had filed his § 2254 petition after the one-year deadline.[3] The court rejected his equitable-tolling arguments and dismissed his petition.

## STANDARD OF REVIEW

Ray must obtain a COA to appeal the district court's ruling. To do so, he must show that "jurists of reason would find it debatable" (1) "whether the petition states a valid claim of the denial of a constitutional right" and (2) "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

A court may set aside § 2254's one-year deadline if a prisoner shows he is eligible for equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 927–28 (10th

---

[3] The OCCA decided Ray's direct appeal on July 9, 2020. Ray then had until December 7, 2020, to petition the Supreme Court for certiorari. *See* Miscellaneous Order Rescinding COVID-19 Related Orders, 338 F.R.D. 801 (July 19, 2021). So his conviction became final on December 8, 2020, starting his one-year clock to file a § 2254 petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). After 188 days had passed, Ray filed an application for state-postconviction relief on June 14, 2021. That application was denied on January 26, 2022, and Ray had until February 15 to appeal. So Ray's statutory year was tolled from June 14, 2021, to February 15, 2022. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). His statutory year resumed on February 16, 2022, and expired on August 11, 2022, which Ray concedes. Ray isn't entitled to statutory tolling for his state-postconviction appeal because it wasn't properly filed, as § 2244(d)(2) requires. *See Gibson*, 232 F.3d at 805.

3

Cir. 2008). "Equitable tolling is a rare remedy" "to be applied sparingly." *Id.* at 929 (citations omitted). For the doctrine to apply, a prisoner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 928 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). A prisoner must support both elements with "specific facts." *Id.* (citation omitted).

First, Ray seeks equitable tolling for when he was denied access to the law library, which he claims occurred from July 2020 to April 2021. But he has alleged no "specific facts" showing how any library shutdowns prevented him from meeting his federal habeas deadline. *See id.* Rather, the record shows that Ray successfully filed several documents with the Oklahoma courts, including a pro se motion for a suspended sentence and an application for post-conviction relief. Thus, Ray has not shown that he is entitled to equitable tolling for his limited access to the law library.

Second, Ray argues that he should receive equitable tolling for the months it took the OCCA to dismiss his state-postconviction appeal. But the OCCA's months-long delay did not "st[and] in his way" or prevent him from pursuing his rights. *See id.* (citation omitted). Shortly after Ray had filed his notice of appeal with the OCCA, he filed a petition for writ of mandamus with that court. In his petition, he claimed that the trial court's failure to give him prompt notice prevented him from complying with Rule 5.2(C)(1) —the rule requiring that a notice of appeal be filed within twenty days from the entry of

4

the final order. Okla. Ct. Crim. App. R. 5.2(C)(1). But a petition for writ of mandamus is not the vehicle to seek an appeal out of time in Oklahoma. *See* Okla. Ct. Crim. App. R. 2.1(E)(1) ("If petitioner seeks an appeal out of time, the proper procedure is to file an Application for Post-Conviction Relief requesting an appeal out of time . . . in the trial court where the . . . final order denying relief was imposed."). And even after Ray had filed his untimely notice of appeal, he still could have sought an appeal out of time—he didn't have to wait until the OCCA dismissed his appeal. Because Ray could have diligently pursued his rights without waiting for the OCCA to rule, he isn't entitled to equitable tolling. *See Yang*, 525 F.3d at 928. Thus, reasonable jurists would not debate the district court's ruling.[4]

## CONCLUSION

For these reasons, we deny Ray a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[4] In his brief, Ray asks us to take judicial notice of a 42 U.S.C. § 1983 lawsuit that he brought against state actors. He contends that this lawsuit shows that he has been diligently pursuing his habeas rights. But this lawsuit was not an "extraordinary circumstance [that] stood in his way" of pursuing his § 2254 petition. *See Yang*, 525 F.3d at 928 (citation omitted). So he isn't entitled to equitable tolling for that lawsuit.